■■ In the Matter of MICHAEL RHYNES, Appellant, v CHERIE L. RHYNES, Respondent. [662 NYS2d 667] —Order unanimously reversed on the law without costs, petition granted and matter remitted to Livingston County Family Court for further proceedings in accordance with the following Memorandum: Family Court erred in denying the petition of petitioner father, who is incarcerated, for visitation with his 18-month old son, and in restricting petitioner to written communications with his son. While an award of visitation is always conditioned upon a consideration of the best interests of the child (*see, Finlay v Finlay*, 240 NY 429, 433-434), " 'denying visitation to a [biological] parent is a drastic remedy and should only be done where there are compelling reasons [citation omitted], and there must be substantial evidence that such visitation is detrimental to the child's welfare' " (*De Pinto v De Pinto*, 98 AD2d 985; *see, Farhi v Farhi*, 64 AD2d 840, 842). A parent's incarceration, standing alone, does not render visitation inappropriate (*Matter of Teixeria v Teixeria*, 205 AD2d 545, 546; *Matter of Simpson v Finnigan*, 202 AD2d 592, 593). There was

no showing that visitation would be detrimental to the welfare of petitioner's son. To the contrary, the only expert witness, a child psychologist, testified that visitation would be beneficial. It is apparent from the record that the court denied visitation based upon the extreme opposition of respondent mother and the cost and inconvenience to her. It is an abuse of discretion to deny visitation to petitioner on those grounds. Petitioner was incarcerated at the time of his marriage to respondent in 1990. Respondent was aware that it was probable that petitioner would wish to exercise visitation with the child as he had already done so with his other, older child. The negative attitude of the custodial parent, standing alone, should not be sufficient to defeat the right of a noncustodial parent to visitation. While respondent's concern about the cost, inconvenience and frequency of visitation is well-founded, those concerns may be addressed by the court in fashioning an appropriate visitation schedule. We note that, although petitioner's request for visitation twice per week is impractical, the child psychologist testified that the child would benefit even from limited visitation. In addition, petitioner testified that he would be willing to contribute to the cost of visitation and that his mother and sister may be available to take the child for visitation. We therefore remit the matter to Livingston County Family Court to fashion an appropriate visitation schedule. (Appeal from Order of Livingston County Family Court, Alonzo, J.—Visitation.) Present—Lawton, J. P., Hayes, Wisner, Boehm and Fallon, JJ.