■ In the Matter of MICHAEL J. GUTKAISS, Appellant, v TINA M. LEAHY, Respondent. [690 NYS2d 790] —Crew III, J. Appeal from an order of the Family Court of Albany County (Maney, J.), entered December 18, 1997, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 6, for visitation with the parties' child.

The parties are the biological parents of a child, Patrick (born in 1992). In 1993, petitioner was convicted of three counts of sexual abuse in the first degree and two counts of sodomy in the first degree, and sentenced to an indeterminate term of imprisonment of 21⅓ to 64 years. By all accounts, the charges did not stem from any inappropriate contact involving petitioner's son.

Although not entirely clear from the record, it appears that petitioner enjoyed six or seven visitations with his son at the correctional facility in which he was incarcerated between 1993 and April 1996, at which time such visitations ceased. According to petitioner, subsequent attempts at visitation with his child were blocked by respondent, prompting him to petition for, *inter alia*, semimonthly visitation in July 1996. By order entered January 9, 1997, Family Court awarded custody of the child to respondent and directed that petitioner have visitation with the child two or three times per year, with such visitations to coincide with visits made by petitioner's father.

Thereafter, in February 1997, petitioner moved for reconsideration and a rehearing on his prior application for visitation. Family Court subsequently granted petitioner's application and vacated its January 9, 1997 order insofar as it pertained to visitation. The matter proceeded to a hearing in June 1997, during the course of which petitioner refused to answer certain questions regarding the underlying criminal conviction and indicated his desire to terminate the hearing. Accordingly, Family Court dismissed the petition without prejudice.

Approximately one month later, petitioner filed another peti-

tion again seeking visitation with his son. Respondent moved to dismiss, contending that petitioner had failed to demonstrate a change in circumstances since the dismissal of his prior application. Following oral argument, Family Court granted the motion to dismiss, resulting in this appeal by petitioner.

Petitioner's primary argument on appeal is that Family Court applied the wrong legal standard in reviewing his July 1997 application for visitation and, further, that he is entitled to an evidentiary hearing to determine whether visitation with his son is in the child's best interest. We agree on both counts and, accordingly, reverse Family Court's order.

To be sure, where a party seeks to modify a prior order of visitation, he or she bears the burden of demonstrating a sufficient change in circumstances to warrant modification (see, e.g., *Matter of Reese v Jones*, 249 AD2d 676, 677). Here, however, a review of the colloquy between Family Court and petitioner's counsel at the June 20, 1997 hearing, together with the underlying petition filed in July 1997, make clear that Family Court vacated its January 9, 1997 order insofar as it related to visitation.* Additionally, the record reflects that petitioner had not enjoyed visitations with his child since April 1996. As there simply was no prior order and/or established visitation arrangement to modify, Family Court erred in dismissing petitioner's application based upon petitioner's failure to demonstrate a change in circumstances. In our view, petitioner's July 1997 petition and the affidavit annexed thereto are sufficient to trigger an inquiry into whether visitation between petitioner and his son is in the child's best interest (see generally, *Matter of Hadsell v Hadsell*, 249 AD2d 853, *lv denied* 92 NY2d 809). Accordingly, this matter is remitted to Family Court for an evidentiary hearing on that issue. Petitioner's remaining contentions, to the extent that they are properly before this Court, have been examined and found to be lacking in merit.

Mikoll, J. P., Yesawich Jr., Peters and Carpinello, JJ.,

---

* The following discussion took place between petitioner's counsel and Family Court during the course of the June 20, 1997 hearing.

"MR. PLAINE: [Petitioner] had a procedural question wanting to know whether or not the order which is now in effect has been vacated. It's my understanding that it has, and this hearing will lead to a new order.

"THE COURT: That's correct."

As noted previously, Family Court thereafter dismissed petitioner's application for visitation without prejudice due to petitioner's refusal to go forward with the hearing, and our review of the record fails to demonstrate that there was any visitation order in effect following the June 1997 hearing.

concur. Ordered that the order is reversed, on the law, without costs, petition reinstated and matter remitted to the Family Court of Albany County for further proceedings not inconsistent with this Court's decision.