■ In the Matter of ANTHONY BUFFIN, Appellant, v QUIDA MOSLEY, Respondent. [695 NYS2d 442] —Order unanimously reversed on the law and in the exercise of discretion without costs and matter remitted to Erie County Family Court for further proceedings in accordance with the following Memorandum: Petitioner, an inmate at Attica Correctional Facility, appeals from an order of Family Court that denied his petition for visitation with his son with leave to re-petition when the child is five years old. The child is in the sole custody of his mother. Petitioner has never supported the child and has seen the child only once, soon after the child was born. The child was three years and nine months old at the time of the court's decision but is now nearly five years old.

"As with custody determinations, the primary consideration in deciding the issue of visitation is the best interest of the child" (Matter of Rogowski v Rogowski, 251 AD2d 827). " 'It is generally presumed to be in a child's best interest to have visitation with his or her noncustodial parent and the fact that a parent is incarcerated will not, by itself, render visitation inappropriate' " (Matter of Lonobile v Betkowski, 261 AD2d 829, quoting Matter of Davis v Davis, 232 AD2d 773; see, Matter of Rogowski v Rogowski, supra; Matter of Hadsell v Hadsell, 249 AD2d 853, lv denied 92 NY2d 809; Matter of Rhynes v Rhynes, 242 AD2d 943; Matter of Mohammed v Cortland County Dept. of Social Servs., 186 AD2d 908, lv denied 81 NY2d 706). A court should not base a denial of visitation on the strong opposition of the custodial parent and the cost and inconvenience to that parent (see, Matter of Rhynes v Rhynes, supra, at 944). "Substantial proof that such visitation would be harmful to the child will, however, justify the denial of an application for visitation" (Matter of Davis v Davis, supra, at 773; see, Matter of Hadsell v Hadsell, supra).

In this case, respondent presented no evidence to overcome the presumption that visitation would be in the child's best interest. The Law Guardian did not recommend visitation, but did recommend that "an evaluation [be] done for the child by the Family Court Clinic or a referral by the Clinic before any visitation is commenced, and depending on the evaluation, the child be prepared for the visitation by a health care professional well in advance of its commencement". The court should have ordered such an evaluation. Neither party presented any testimony regarding the psychological health of the child and

whether he would be harmed by visitations in prison; indeed, the only testimony at trial came from petitioner, who desires visitation, and respondent, who opposes it. Because the record is insufficient to determine whether visitation would be detrimental to the welfare of the child, we reverse the order and remit the matter for evaluation by a mental health professional, and for further testimony, if needed, to enable the court to determine whether visitation is in the child's best interest (*see, Matter of Lonobile v Betkowski, supra; Matter of Lazier v Gentes*, 259 AD2d 618).

Petitioner also contends that the court erred in limiting his contact with the child to cards, photographs and letters four times per year. Whether more frequent or different contact is in the child's best interest should also be determined on remittitur after consideration of the evaluation and any further testimony. Given respondent's hostility toward petitioner, the court did not err in declining to order that respondent communicate with petitioner beyond sending photographs. (Appeal from Order of Erie County Family Court, Dillon, J.—Visitation.) Present—Pine, J. P., Wisner, Pigott, Jr., Scudder and Balio, JJ.