■■■ In the Matter of STANLEY D. RECZKO, III, Appellant, v CONSTANCE L. RECZKO, Respondent. (Appeal No. 1.) [718 NYS2d 511] —Order unanimously modified on the law and as modified affirmed without costs and matter remitted to Jefferson County Family Court for further proceedings in accordance with the following Memorandum: Contrary to the contention of petitioner, Family Court did not abuse its discretion in denying his September 1998 petition seeking visitation with his son and older daughter. The court properly based its determination on the testimony of the children's psychologist that the children did not want to visit petitioner, who is incarcerated at a State correctional facility, and that forced visitation would be harmful to their emotional and psychological well-being (see, *Matter of Cook v Morales*, 275 AD2d 938). We reject petitioner's contention that the court abused its discretion in failing to order an in camera interview of the children *sua sponte* (see, *Matter of Lincoln v Lincoln*, 24 NY2d 270, 272, 274). We further conclude that the June 1999 petition was properly dismissed based on petitioner's "failure to allege a sufficient change in circumstances requiring modification in the best interest of the child[ren]" (*Matter of Reese v Jones*, 249 AD2d 676, 677; *see, Matter of Gutkaiss v Leahy*, 262 AD2d 681, 682).

Nevertheless, the record is not sufficient to determine whether visitation would be detrimental to the younger daughter's welfare. That daughter was not treated by the psychologist or interviewed by her. We thus modify the order in appeal No. 1 by reinstating the September 1998 petition insofar as it seeks visitation with the younger daughter, and we remit the matter to Jefferson County Family Court for a

hearing on that issue (*see, Matter of Lonobile v Betkowski*, 261 AD2d 829). (Appeal from Order of Jefferson County Family Court, Hunt, J.—Visitation.) Present—Pine, J. P., Wisner, Hurlbutt and Kehoe, JJ.