hearing on that issue (*see, Matter of Lonobile v Betkowski*, 261 AD2d 829). (Appeal from Order of Jefferson County Family Court, Hunt, J.—Visitation.) Present—Pine, J. P., Wisner, Hurlbutt and Kehoe, JJ.

◼ In the Matter of STANLEY D. RECZKO, III, Appellant, v CONSTANCE L. RECZKO, Respondent. (Appeal No. 2.) [718 NYS2d 661] —Order unanimously affirmed without costs. Same Memorandum as in *Matter of Reczko v Reczko* (278 AD2d 876 [decided herewith]). (Appeal from Order of Jefferson County Family Court, Hunt, J.—Visitation.) Present—Pine, J. P., Wisner, Hurlbutt and Kehoe, JJ.

◼ In the Matter of KEITH M., Also Known as J., and Another, Infants. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; TIFFANY H. M., Appellant, et al., Respondent. (Appeal No. 1.) [718 NYS2d 251] —Order unanimously affirmed without costs for reasons stated in decision at Erie County Family Court, Mix, J. (Appeal from Order of Erie County Family Court, Mix, J.—Abuse.) Present—Pine, J. P., Wisner, Hurlbutt and Kehoe, JJ.

◼ In the Matter of KEITH M., Also Known as J., and Another, Infants. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; TIFFANY H. M., Appellant, et al., Respondent. (Appeal No. 2.) [718 NYS2d 251] —Order unanimously affirmed without costs for reasons stated in decision at Erie County Family Court, Mix, J. (Appeal from Order of Erie County Family Court, Mix, J.—Custody.) Present—Pine, J. P., Wisner, Hurlbutt and Kehoe, JJ.

◼ In the Matter of CHARLES M., an Infant, Respondent. ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant. [717 NYS2d 814] —Order unanimously reversed on the law without costs and matter remitted to Erie County Family Court for further proceedings in accordance with the following Memorandum: Petitioner appeals from an order granting the Law Guardian's application to direct petitioner to transfer the subject foster child from his present placement at the Northeast Center for Special Care to a new placement at the Cortland Community Reentry Program where, it is alleged, he will receive services or assistance not available to him in his present placement. Petitioner contends that Family Court erred in granting that relief absent proof that the services or assistance is authorized or required to be made available pursuant to petitioner's comprehensive annual services program plan (*see,* Family Ct Act § 1015-a). Because the record is inadequate to