· ■ In the Matter of MICHAEL J. GUTKAISS, Appellant, v TINA M. LEAHY, Respondent. [726 NYS2d 826] —Crew III, J. Appeal from an order of the Family Court of Albany County (Maney, J.), entered November 9, 1999, which, *inter alia*, partially denied petitioner's application, in a proceeding pursuant to Family Court Act article 6, for visitation with the parties' child.

The relevant facts are more fully set forth in our prior decision in this matter (262 AD2d 681). Briefly, petitioner, who is serving an indeterminate term of imprisonment of 21⅓ to 64 years following his conviction of three counts of sexual abuse in the first degree and two counts of sodomy in the first degree, commenced the instant proceeding seeking visitation with his

son (born in 1992). Family Court granted respondent's motion to dismiss and, upon appeal, we reversed, finding, *inter alia*, that petitioner was entitled to an evidentiary hearing to determine whether visitation between petitioner and his son was in the child's best interest (*id.*, at 682). Following that hearing, Family Court granted petitioner telephone contact with the child two or three times a month, in addition to permitting petitioner to correspond with the child and send appropriate Christmas and birthday presents, but denied petitioner's request for visitation at the correctional facility where he is incarcerated. This appeal by petitioner ensued.

We affirm. "Although the incarceration of a noncustodial parent shall not, by itself, preclude visitation with his or her child * * * a denial of an application for visitation is proper where evidence demonstrates that visitation would not be in the child's best interest" (*Matter of Ellett v Ellett*, 265 AD2d 747, 747 [citations omitted]). Here, given petitioner's lengthy prison sentence (*see, Matter of Bougor v Murray*, 283 AD2d 695), the nature of the underlying offense,* petitioner's refusal to participate in sexual abuse counseling (*see, Matter of Rogowski v Rogowski*, 251 AD2d 827, 828) and the fact that five years have now elapsed since the last visitation, we cannot say that Family Court's decision to deny visitation lacked a sound and substantial basis in the record. Petitioner's remaining contentions, including his assertion that Family Court's various evidentiary rulings deprived him of a fair trial, have been examined and found to be lacking in merit.

Mercure, J. P., Peters, Carpinello and Rose, JJ., concur. Ordered that the order is affirmed, without costs.

---

* As noted in our prior decision, petitioner's conviction did not stem from any inappropriate contact involving his son (262 AD2d 681, *supra*).