In the Matter of DARLA N., Appellant, v CHRISTINE N. et al., Respondents. (Appeal No. 1.) [735 NYS2d 446] —Order unanimously affirmed without costs. Same Memorandum as in *Matter of Darla N. v Christine N.* (289 AD2d 1012 [decided herewith]). (Appeal from Order of Cattaraugus County Family Court, Kelly, J.H.O.—Visitation.) Present—Green, J. P., Pine, Hurlbutt, Kehoe and Gorski, JJ.

 In the Matter of DARLA N., Appellant, v CHRISTINE N. et al., Respondents. (Appeal No. 2.) [734 NYS2d 783] —Order unanimously reversed on the law without costs, motion denied, petition reinstated and matter remitted to Cattaraugus County Family Court for further proceedings on petition in accordance with the following Memorandum: With respect to the order in appeal No. 1, we conclude that Family Court properly granted without a hearing respondents' motion to dismiss the petition filed by petitioner on April 22, 1999 seeking visitation and custody with her two children. That petition was filed on the same date that the court continued a prior order in a neglect proceeding suspending petitioner's visitation with the children. Although the petition was not denominated one to modify a prior order, the court so treated it without objection. It is well settled that, "where a party seeks to modify a prior order of visitation, he or she bears the burden of demonstrating a sufficient change in circumstances to warrant modification" (*Matter of Gutkaiss v Leahy*, 262 AD2d 681, 682). Where, as here, petitioner fails "to make a sufficient evidentiary showing of a change in circumstances," the court is not required to conduct a hearing before dismissing the petition (*Matter of Reese v Jones*, 279 AD2d 939, 940; *see, Matter of Reczko v Reczko,* 278 AD2d 876). The court acknowledged that petitioner had overcome the problems that led to the neglect determination but relied on the children's continued aversion to visitation.

The court erred, however, in granting respondents' motion to dismiss the modification petition filed on November 29, 1999 without conducting a hearing. On November 21, 1999, one of petitioner's children wrote petitioner a letter expressing a desire to visit petitioner. The child also referred to actions of respondents that could be construed as attempts to alienate the children from petitioner. Petitioner's counsel further alleged that respondents were interfering with petitioner's telephone access to the children. "[A] change in circumstances

may be demonstrated by, *inter alia* * * * interference with the noncustodial parent's visitation rights and/or telephone access" (*Matter of Markey v Bederian*, 274 AD2d 816, 817). In addition, "interference with the relationship between a child and a noncustodial parent * * * has been said to be so inconsistent with the best interests of the child as to per se raise a strong probability that the offending party is unfit to act as [custodian]" (*Matter of Chebuske v Burnhard-Vogt*, 284 AD2d 456, 458; *see, Matter of Coyne v Coyne*, 150 AD2d 573, 576). In the letter to petitioner, the child indicated that she would "get in trouble for speaking [petitioner's] name." Thus, there is evidence that respondents may be alienating the children from petitioner. Based on the express desire of one of the children to visit with petitioner (*see, e.g., Santoro v Santoro*, 224 AD2d 510, 511) and the evidence of respondents' improper actions, we conclude that petitioner made a sufficient evidentiary showing of a change in circumstances to warrant a hearing. We therefore reverse the order in appeal No. 2, deny respondents' motion, reinstate the petition, and remit the matter to Cattaraugus County Family Court for further proceedings on the petition to be held before a different Judge. (Appeal from Order of Cattaraugus County Family Court, Kelly, J.H.O.— Visitation.) Present—Green, J. P., Pine, Hurlbutt, Kehoe and Gorski, JJ.