■ In the Matter of STEPHANIE A. CROWELL, Respondent, v DANA R. LIVZIEY, Appellant. [798 NYS2d 279]—

Appeal from an order of the Family Court, Oneida County (James R. Griffith, J.), entered June 30, 2004 in a proceeding pursuant to Family Court Act article 6. The order, insofar as appealed from, granted respondent limited telephone contact with his child.

It is hereby ordered that the order insofar as appealed from be and the same hereby is unanimously reversed on the law without costs and the last two ordering paragraphs are vacated, and the matter is remitted to Family Court, Oneida County, for further proceedings in accordance with the following memorandum: Respondent father, an inmate at a correctional facility, appeals from an order that, inter alia, implicitly granted the petition in which petitioner mother sought to suspend the visitation of respondent with his child and granted respondent limited telephone contact with his child. "It is generally presumed to be in a child's best interest[s] to have visitation with his or her noncustodial parent and the fact that a parent is incarcerated will not, by itself, render visitation inappropriate" (*Matter of Davis v Davis*, 232 AD2d 773, 773 [1996]; *see Matter of Thomas v Thomas*, 277 AD2d 935 [2000]). We agree with respondent that Family Court erred in implicitly suspending his visitation because "the record is not sufficient to determine whether visitation would be detrimental to [his child's] welfare" (*Matter of Reczko v Reczko*, 278 AD2d 876, 876 [2000]). The opposition of petitioner and the Law Guardian, unsupported by "any testimony regarding the psychological health of the child and whether [s]he would be harmed by visitations in prison," is insufficient to support the court's implicit suspension of visitation (*Matter of Buffin v Mosley*, 263 AD2d 962, 962-963 [1999]).

We therefore reverse the order insofar as appealed from and remit the matter to Family Court "for evaluation by a mental health professional, and for further testimony, if needed, to enable the court to determine whether visitation is in the child's best interest[s]" (*id.* at 963; *see Thomas*, 277 AD2d 935 [2000]). We further agree with respondent that the remedy fashioned by the court with respect to his telephone contact with the child is in violation of 7 NYCRR 723.3 (a) and (e) (12). We therefore vacate the last two ordering paragraphs concerning telephone contact, and on remittal the court must make a de novo determination of that issue as well. Present—Pigott, Jr., P.J., Hurlbutt, Scudder, Pine and Lawton, JJ.