■ In the Matter of MARK C., Appellant, v PATRICIA B., Respondent. [837 NYS2d 473]—

Appeal from an order of the Family Court, Oswego County (David J. Roman, J.), entered June 23, 2006 in a proceeding pursuant to Family Court Act article 6. The order dismissed the petition.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the petition is reinstated and the matter is remitted to Family Court, Oswego County, for a hearing on the petition.

Memorandum: Petitioner, who is incarcerated in a correctional facility in New York, commenced this proceeding pursuant to Family Court Act article 6 seeking visitation with the parties' child. Family Court dismissed the petition "upon established *law of the case* as previously set out in a prior Dismissal Order, entered on April 29, 2002." That prior order had dismissed an earlier petition seeking visitation, and the earlier petition also had been dismissed on the ground of law of the case as established by the August 1, 2001 order of a judicial hearing officer (JHO) dismissing a previous petition in which petitioner sought custody or visitation "for failure . . . to state a cause of action."

Petitioner correctly contends that, because there is no indication in the record that the parties consented to submit the matter to a JHO, "the JHO was without authority to dismiss the petition" in 2001 (*Matter of Ryon J.G. v Carlton D.S.*, 23 AD3d 1042, 1042 [2005]; *see Matter of Osmundson v Held-Cummings*, 306 AD2d 950 [2003]; *cf. Matter of Heather J.*, 244 AD2d 762, 763 [1997]), and the subsequent orders applying law of the case were based on the 2001 order. In any event, regardless of any consideration of jurisdiction, we conclude that the court erred in applying the doctrine of law of the case inasmuch as the orders forming the basis for its application did not determine the respective petitions on their merits (*see Cohen v Ho*, 38 AD3d 705, 706 [2007]; *Brownrigg v New York City Hous. Auth.*, 29 AD3d 721, 722 [2006]; *see also Asgahar v Tringali Realty, Inc.*, 18 AD3d 408 [2005]).

Finally, the court erred in deeming petitioner's release from prison a condition precedent to the filing of a visitation petition. It is well settled that visitation with a noncustodial parent is generally presumed to be in a child's best interests, " 'and the fact that a parent is incarcerated will not, by itself, render visitation inappropriate' " (*Matter of Crowell v Livziey*, 20 AD3d 923, 923 [2005]; *see Matter of Buffin v Mosley*, 263 AD2d 962 [1999]; *cf. Matter of Edward S. v Moon*, 7 AD3d 834, 836 [2004]).

We therefore reverse the order, reinstate the petition and remit the matter to Family Court for a hearing on the petition. Present—Hurlbutt, J.P., Gorski, Smith, Lunn and Pine, JJ.