■ In the Matter of STEVEN M., Appellant, v MEGHAN M., Respondent. [842 NYS2d 625]—

Appeal from an order of the Family Court, Seneca County (Dennis F. Bender, J.), entered November 14, 2005 in a proceeding pursuant to Family Court Act article 6. The order denied and dismissed the petition.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the petition is reinstated, and the matter is remitted to Family Court, Seneca County, for a new hearing in accordance with the following memorandum: Petitioner, who is incarcerated based on his conviction of manslaughter in the second degree (Penal Law § 125.15 [1]) for recklessly causing the death of respondent's son, commenced this proceeding seeking visitation with the parties' child. We agree with petitioner that Family Court erred in "denying and dismissing" the petition. Petitioner was convicted of manslaughter upon his plea of guilty, and the record is devoid of information concerning the circumstances of the death of respondent's son. Such information is

relevant to the issue whether petitioner poses any risk to his child and thus to whether visitation is appropriate. The record also is devoid of any evidence concerning the effect of visitation in a correctional facility on the psychological health of the child. Thus, the record does not contain sufficient evidence to determine whether visitation would be detrimental to the child's welfare (*see Matter of Crowell v Livziey*, 20 AD3d 923 [2005]; *Matter of Rhynes v Rhynes*, 242 AD2d 943 [1997]). We note in addition that the court recited as an independent basis for denying the petition the financial circumstances of respondent, upon whom the court did not wish to impose the obligation of transporting the child for visitation. It is well settled, however, that denial of visitation to an incarcerated parent should not be based solely on the cost and inconvenience to the custodial parent (*see Matter of Buffin v Mosley*, 263 AD2d 962 [1999]; *see also Rhynes*, 242 AD2d at 944).

We therefore reverse the order, reinstate the petition, and remit the matter to Family Court for a new hearing to determine whether visitation is in the child's best interests (*see Crowell*, 20 AD3d at 924; *Matter of Reczko v Reczko*, 278 AD2d 876, 876-877 [2000]; *Matter of Thomas v Thomas*, 277 AD2d 935 [2000]; *Buffin*, 263 AD2d at 963). Present—Hurlbutt, J.P., Martoche, Smith, Lunn and Peradotto, JJ.