SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

**953**

**CAF 11-01625**

PRESENT: SCUDDER, P.J., CENTRA, CARNI, SCONIERS, AND MARTOCHE, JJ.

---

IN THE MATTER OF CHRIS SAWYER FEWELL,
PETITIONER-APPELLANT,

V                                                    MEMORANDUM AND ORDER

STACEY A. RATZEL, RESPONDENT-RESPONDENT.

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (ELIZABETH deV. MOELLER OF
COUNSEL), FOR PETITIONER-APPELLANT.

DAVISON LAW OFFICE PLLC, CANANDAIGUA (MARK C. DAVISON OF COUNSEL), FOR
RESPONDENT-RESPONDENT.

DAVID C. BRAUTIGAM, ATTORNEY FOR THE CHILD, HOUGHTON, FOR BRAEDAN R.

---

     Appeal from an order of the Family Court, Allegany County (Lynn
L. Hartley, J.H.O.), entered June 9, 2010 in a proceeding pursuant to
Family Court Act article 6.  The order dismissed the petition seeking
visitation.

     It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law without costs, the petition is
reinstated, and the matter is remitted to Family Court, Allegany
County, for a new hearing in accordance with the following Memorandum:
Petitioner father, who is incarcerated based on his conviction of
rape, appeals from an order that dismissed his petition seeking
visitation with the parties' child.  We agree with the father that, in
dismissing the petition, Family Court failed to give due consideration
to the presumption in favor of visitation, notwithstanding the
father's incarceration, and failed to make an appropriate inquiry into
the impact of the visitation on the welfare of the child.  " 'It is
generally presumed to be in a child's best interest[s] to have
visitation with his or her noncustodial parent and the fact that a
parent is incarcerated will not, by itself, render visitation
inappropriate' " (*Matter of Lonobile v Betkowski*, 261 AD2d 829, 829).
Here, respondent mother presented no evidence to overcome the
presumption that visitation would be in the child's best interests,
and the record is not sufficient to make a determination whether
visitation would be detrimental to the child's welfare (*see Matter of
Crowell v Livziey*, 20 AD3d 923, 923; *Matter of Buffin v Mosley*, 263
AD2d 962, 962; *Lonobile*, 261 AD2d at 829).  We therefore reverse the
order, reinstate the petition, and remit the matter to Family Court
for a new hearing to determine whether visitation is in the child's
best interests, at which the court shall consider the full range of

factors pertinent to that determination (*see Lonobile*, 261 AD2d at 829; *see generally Matter of Lazier v Gentes*, 259 AD2d 618, 619).