It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, the petition is reinstated, and the matter is remitted to Family Court, Allegany County, for a new hearing in accordance with the following memorandum: Petitioner father, who is incarcerated based on his conviction of rape, appeals from an order that dismissed his petition seeking visitation with the parties’ child. We agree with the father that, in dismissing the petition, Family Court failed to give due consideration to the presumption in favor of visitation, notwithstanding the father’s incarceration, and failed to make an appropriate inquiry into the impact of the visitation on the welfare of the child. “ Tt is generally presumed to be in a child’s best interests] to have visitation with his or her noncustodial parent and the fact that a parent is incarcerated will not, by itself, render visitation inappropriate’ ” (Matter of Lonobile v Betkowski, 261 AD2d 829, 829 [1999]). Here, respondent mother presented no evidence to overcome the presumption that visitation would be in the child’s best interests, and the record is not sufficient to make a determination whether visitation would be detrimental to the child’s welfare (see Matter of Crowell v Livziey, 20 AD3d 923, 923 [2005]; Matter of Baffin v Mosley, 263 AD2d 962, 962 [1999]; Lonobile, 261 AD2d at 829). We therefore reverse the order, reinstate the petition, and remit the matter to Family Court for a new hearing to determine whether visitation is in the child’s best interests, at which the court shall consider the full range of factors pertinent to that determination (see Lonobile, 261 AD2d at 829; see generally Matter of Lazier v Gentes, 259 AD2d 618, 619 [1999]). Present— Scudder, EJ, Centra, Garni, Sconiers and Martoche, JJ.