# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**234**

**CAF 12-00555**

PRESENT: CENTRA, J.P., FAHEY, CARNI, LINDLEY, AND WHALEN, JJ.

---

IN THE MATTER OF CLARENCE R. BROWN, JR.,
PETITIONER-APPELLANT,

        V                                     MEMORANDUM AND ORDER

MELODY M. DIVELBLISS, RESPONDENT-RESPONDENT.

---

ELIZABETH A. SAMMONS, WILLIAMSON, FOR PETITIONER-APPELLANT.

STEPHEN R. WARNER, ATTORNEY FOR THE CHILD, SODUS, FOR ALYCIA D.

---

Appeal from an order of the Family Court, Wayne County (Daniel G. Barrett, J.), entered February 29, 2012 in a proceeding pursuant to Family Court Act article 6. The order dismissed the petition seeking visitation with the parties' child.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is denied, the petition is reinstated, and the matter is remitted to Family Court, Wayne County, for further proceedings in accordance with the following Memorandum: Petitioner father, an inmate serving a 15-year sentence in state prison, appeals from an order dismissing his petition seeking visitation with his then nine-year-old daughter (child). The father had never previously sought custody of or visitation with the child. During a court appearance occurring shortly after the petition was filed, respondent mother agreed to transport the child to prison so that the child could visit with the father during the pendency of the proceeding. At a subsequent court appearance, the Attorney for the Child (AFC) informed Family Court that the child had one visit with the father, but did not wish to have any further contact with him. The AFC further stated that the child's school counselor told him that contact between the child and the father was not "preferable." The mother's attorney stated that, although the mother had encouraged the child to visit the father, the child told the mother that she did not wish to visit the father. The AFC and the mother thus moved to dismiss the father's petition. We agree with the father that the court erred in granting the motion based on the record before it.

" '[A]n award of visitation is always conditioned upon a consideration of the best interests of the child' " (*Matter of Mills v Sweeting*, 278 AD2d 943, 943-944). "It is generally presumed to be in a child's best interest to have visitation with his or her noncustodial parent and the fact that a parent is incarcerated will

not, by itself, render visitation inappropriate" (*Matter of Cierra L.B. v Richard L.R.*, 43 AD3d 1416, 1416-1417 [internal quotation marks omitted]; *see Matter of Fewell v Ratzel*, 99 AD3d 1237, 1237; *Matter of Crowell v Livziey*, 20 AD3d 923, 923). "Unless there is a compelling reason or substantial evidence that visitation with an incarcerated parent is detrimental to a child's welfare, such visitation should not be denied" (*Matter of Thomas v Thomas*, 277 AD2d 935, 935; *see Matter of Lonobile v Betkowski*, 261 AD2d 829, 829). Moreover, " '[a] determination of the [child's] best interests should only be made after a full evidentiary hearing unless there is sufficient information before the court to enable it to undertake an independent comprehensive review of the [child's] best interests' " (*Mills*, 278 AD2d at 944; *see Matter of Secrist v Brown*, 83 AD3d 1399, 1400, *lv denied* 17 NY3d 706).

Here, we conclude that "the record is not sufficient to determine whether visitation [with the father] would be detrimental to [the child's] welfare" (*Crowell*, 20 AD3d at 923 [internal quotation marks omitted]). Additionally, neither the mother nor the AFC presented any evidence rebutting the presumption that visitation with the father is in the child's best interests, and the record does not otherwise contain any evidence rebutting that presumption (*see Fewell*, 99 AD3d at 1237; *Matter of Diedrich v Vandermallie*, 90 AD3d 1511, 1511; *Matter of Buffin v Mosley*, 263 AD2d 962, 962-963). Although both the AFC and the mother indicated that the child had visited with the father only once and that, after the visit, the child did not wish to have any further contact with the father, "[t]he opposition of [the mother] and the [AFC to visitation], unsupported by 'any testimony regarding the psychological health of the child and whether [s]he would be harmed by visitations in prison,' is insufficient to support" a determination that visitation with the father would be detrimental to the welfare of the child (*Crowell*, 20 AD3d at 923; *see Buffin*, 263 AD2d at 962-963). Moreover, "no sworn testimony or other evidence was presented, nor did the court conduct [an] in camera interview[] with the [child]" (*Thomas*, 277 AD2d at 935). We therefore reverse the order, deny the motion, reinstate the petition, and remit the matter to Family Court for further proceedings on the petition, including an evidentiary hearing, if necessary.