# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**409**

**CAF 11-02304**

PRESENT: SMITH, J.P., FAHEY, PERADOTTO, LINDLEY, AND WHALEN, JJ.

---

IN THE MATTER OF MICHELLE CORMIER,
PETITIONER,

V                                                    MEMORANDUM AND ORDER

ROXANNE CLARKE, RESPONDENT,
ET AL., RESPONDENT.
-------------------------------------
IN THE MATTER OF ROXANNE CLARKE,
PETITIONER-APPELLANT,

V

CHRISTOPHER CLARKE, I, RESPONDENT,
AND MICHELLE K. CORMIER,
RESPONDENT-RESPONDENT.

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (ELIZABETH deV. MOELLER OF
COUNSEL), FOR PETITIONER-APPELLANT.

LINDA M. CAMPBELL, SYRACUSE, FOR RESPONDENT-RESPONDENT.

JENNIFER L. ROSENBERG, ATTORNEY FOR THE CHILD, SYRACUSE.

---

Appeal from an order of the Family Court, Oswego County (Bobette
J. Morin, R.), entered September 12, 2011 in a proceeding pursuant to
Family Court Act article 6. The order, inter alia, directed Roxanne
Clarke to transport the child for visits with Michelle K. Cormier.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: As relevant to this appeal, respondent-petitioner,
who is the paternal grandmother and primary physical custodian of the
subject child (grandmother), filed a petition seeking to modify a
prior order of custody and visitation by suspending visitation with
the mother at the correctional facility where the mother is
incarcerated. Family Court refused to suspend visitation with the
mother, but reduced the frequency of that visitation. The grandmother
appeals, and we affirm.

Even assuming, arguendo, that the grandmother established " 'a
change in circumstances sufficient to warrant an inquiry into whether
the best interests of the [child] warranted a change in custody' "

(*Matter of Dingeldey v Dingeldey*, 93 AD3d 1325, 1326; *see Griffin v Griffin*, 104 AD3d 1270, 1271; *Matter of Anderson v Roncone*, 81 AD3d 1268, 1268, *lv denied* 16 NY3d 712), we conclude that, contrary to the grandmother's contention, visitation with the mother at the correctional facility is in the child's best interests.  There is a presumption that visitation with the noncustodial parent is in the child's best interests (*see Matter of Granger v Misercola*, ___ NY3d ___, ___ [Apr. 30, 2013]; *Matter of Nathaniel T.*, 97 AD2d 973, 974), and a "parent's incarceration, by itself, does not vitiate" that presumption (*Matter of Flood v Flood*, 63 AD3d 1197, 1198; *see Matter of Fewell v Ratzel*, 99 AD3d 1237, 1237).  "Unless there is a compelling reason or substantial evidence that visitation with an incarcerated parent is detrimental to a child's welfare, such visitation should not be" suspended (*Matter of Thomas v Thomas*, 277 AD2d 935, 935).  We conclude that the grandmother failed to establish by a preponderance of the evidence that visitation with the mother would be detrimental to the child, and thus she did not overcome the presumption that visitation with the mother is in the child's best interests (*see Granger*, ___ NY3d at ___).  We therefore conclude that the court's decision had a sound and substantial basis in the record (*see generally Granger*, 96 AD3d 1694, 1695, *affd* ___ NY3d ___).

Additionally, the grandmother's contention that the court failed to conduct a *Lincoln* hearing is unpreserved for our review inasmuch as she did not request such a hearing (*see Matter of Knuth v Westfall*, 72 AD3d 1642, 1642).  "In any event, based on the child's young age, we perceive no abuse of discretion in the court's failure to conduct a *Lincoln* hearing" (*Matter of Thillman v Mayer*, 85 AD3d 1624, 1625).

Entered:  June 7, 2013                              Frances E. Cafarell
                                                    Clerk of the Court