■ In the Matter of HENRY TORRES, Appellant, v MELISSA PASCUZZI-CORNIEL, Respondent. [3 NYS3d 106]—

Appeal from an order of the Family Court, Rockland County (William P. Warren, J.), dated February 25, 2014. The order, insofar as appealed from, after a hearing, granted the father's petition for visitation only to the extent of awarding him visitation with the subject child by means of letters, cards, gifts, and telephone calls.

Ordered that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, without costs or disbursements, and the matter is remitted to the Family Court, Rockland County, for further proceedings to establish an appropriate visitation schedule for the father in accordance herewith; in the interim, the order appealed from shall remain in effect.

The father, who is incarcerated, petitioned for visitation with the subject child. The Family Court granted the father's petition for visitation only to the extent of awarding him visitation by means of letters, cards, gifts, and telephone calls, but effectively denied him visitation with the child in person.

The paramount concern when making a visitation determination is the best interests of the child under the totality of the circumstances (*see Matter of Wilson v McGlinchey*, 2 NY3d 375, 380-381 [2004]; *Matter of Diaz v Garcia*, 119 AD3d 682 [2014]; *Matter of Boggio v Boggio*, 96 AD3d 834 [2012]). "[V]isitation with a noncustodial parent is presumed to be in the best

interests of a child, even when that parent is incarcerated" (*Matter of Georghakis v Matarazzo,* 123 AD3d 711, 711 [2d Dept 2014]; *see Matter of Granger v Misercola,* 21 NY3d 86, 90 [2013]; *Matter of Franklin v Richey,* 57 AD3d 663, 664 [2008]). That presumption may be rebutted, however, by demonstrating by a preponderance of the evidence, that "under all the circumstances visitation would be harmful to the child's welfare, or that the right to visitation has been forfeited" (*Matter of Granger v Misercola,* 21 NY3d at 91).

Here, the mother and the attorney for the child failed, by a preponderance of the evidence, to rebut the presumption in favor of visitation. In that respect, the evidence demonstrated that the father had established a relationship with the child prior to being charged with the offenses for which he is now incarcerated, that the father made some efforts, despite resistance by the mother, to maintain contact with the child thereafter, and that the prison in which the father is housed is located less than one hour away, by car, from the county in which the child resides. Further, the mother and the attorney for the child did not offer any specific evidence as to how periodic visitation with the father in person would be harmful to the child's welfare. Under these circumstances, the Family Court improvidently exercised its discretion in granting the father's petition only to the extent of awarding him visitation by means of letters, cards, gifts, and telephone calls, and effectively denying him visitation with the child in person (*see Matter of Granger v Misercola,* 21 NY3d at 92; *Matter of Cormier v Clarke,* 107 AD3d 1410 [2013]; *Matter of Brown v Divelbliss,* 105 AD3d 1369 [2013]). Accordingly, we reverse the order of the Family Court insofar as appealed from and remit the matter to the Family Court, Rockland County, for further proceedings to establish an appropriate in-person visitation schedule for the father. Skelos, J.P., Hall, Sgroi and Hinds-Radix, JJ., concur.