Appeal from an order of the Family Court, Rockland County (Rachel E. Tanguay, J.), entered September 9, 2016. The order, upon remittal, limited the incarcerated father’s in-person visitation with his child to once every other month for one hour and directed that the father be permitted to write letters and send cards to the child not more than twice per month, that the father be permitted to send gifts to the child not in excess of $50, not more than once every other month, and that the father be permitted to have telephone contact with the child once every other month.
 

 Ordered that the order is affirmed, without costs or disbursements.
 

 The father, who is incarcerated, petitioned for visitation with his child. He appealed from an order of the Family Court dated February 25, 2014, which, after a hearing, granted his petition for visitation only to the extent of awarding him visitation by means of letters, cards, gifts, and telephone calls. In an order dated February 4, 2015, this Court reversed the order dated February 25, 2014, insofar as appealed from, and remitted the matter to the Family Court, Rockland County, for further proceedings to establish an appropriate in-person visitation schedule (see Matter of Torres v Pascuzzi-Corniel, 125 AD3d 675 [2015]). On February 23, 2015, the Family Court, without the father’s appearance in court, awarded the father in-person visitation with the child once every other month. Thereafter, the Family Court, in effect, vacated the order dated February 23, 2015, and, upon the father’s appearance in court and his consent to proceed without a hearing, issued the order from which the father now appeals.
 

 The father’s contention that the Family Court erred in issuing a determination without holding a hearing lacks merit, as the father and his attorney consented to the court making a determination, inter alia, based upon its review of the transcript of the prior hearing and the arguments made by the parties during the court appearance.
 

 The Family Court’s conclusion that it was in the child’s best interests to limit his visits with the father in prison to once every other month for one hour is supported by a sound and substantial basis in the record (see Matter of Granger v Misercola, 96 AD3d 1694, 1695 [2012], affd 21 NY3d 86 [2013]; Matter of Nicole J.R. v Jason M.R., 81 AD3d 1450, 1451 [2011]; Matter of Baker v Blanchard, 74 AD3d 1427, 1429 [2010]; Matter of Garraway v Laforet, 68 AD3d 1192, 1194 [2009]).
 

 While the attorney for the child contends that there has been a change of circumstances since the Family Court issued its determination, the question of the father’s move from one prison to another should have been brought to the attention of the court by means of a modification petition (see Matter of Granger v Misercola, 21 NY3d at 92).
 

 Dillon, J.R, Chambers, Cohen and Iannacci, JJ., concur.