Matter of Autumn O. (Noah O.) (2018 NY Slip Op 01065)





Matter of Autumn O. (Noah O.)


2018 NY Slip Op 01065


Decided on February 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
COLLEEN D. DUFFY
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2017-04074
2017-04237
 (Docket Nos. N-5730-16, N-1737-17)

[*1]In the Matter of Autumn O. (Anonymous). Administration for Children's Services, appellant; Noah O. (Anonymous), et al., respondents.


Zachary W. Carter, Corporation Counsel, New York, NY (Fay Ng and Max O. McCann of counsel), for appellant.
Deana Balahtsis, New York, NY, for respondent Noah O.
Larry S. Bachner, New York, NY, for respondent Tiavana C.
Seymour W. James, Jr., New York, NY (Tamara A. Steckler and John A. Newbery of counsel), attorney for the child.



DECISION & ORDER
Appeals from (1) an order of the Family Court, Richmond County (Peter F. DeLizzo, J.), dated April 6, 2017, and (2) an order of that court dated April 11, 2017. The order dated April 6, 2017, sua sponte, dismissed without prejudice a petition alleging that the parents neglected the subject child. The order dated April 11, 2017, sua sponte, dismissed so much of a second petition alleging that the parents neglected the subject child as contained allegations that were asserted in the petition dismissed in the order dated April 6, 2017.
ORDERED that the appeal from the order dated April 6, 2017, is dismissed, without costs or disbursements, as that order was superseded by the order dated April 11, 2017; and it is further,
ORDERED that the order dated April 11, 2017, is reversed, on the law, without costs or disbursements, the order dated April 6, 2017 is vacated, those portions of the second petition designated as paragraphs 1a and 1b are reinstated, and the matter is remitted to the Family Court, Richmond County, for a fact-finding hearing on the allegations in those paragraphs and, if necessary, a dispositional hearing thereafter.
The mother and the father are the parents of the subject child. On December 30, 2016, the Administration for Children's Services (hereinafter ACS) filed a neglect petition (hereinafter the first petition) against the parents, alleging that they failed to provide the child with medical care. In an order dated April 6, 2017, the Family Court, sua sponte, dismissed the first petition, without prejudice, for failure to state a cause of action. On April 7, 2017, ACS filed a second neglect petition, which contained the same allegations in the first petition, as well as an additional allegation of medical neglect. In an order dated April 11, 2017, the court, sua sponte, [*2]dismissed so much of the second petition as contained the allegations in the first petition, which had been dismissed in the order dated April 6, 2017. ACS appeals from both orders.
In determining whether to dismiss a petition in a child protective proceeding, the court must accept the allegations set forth in the petition as true and afford the petitioner the benefit of every favorable inference that can be drawn therefrom (see Matter of Keira O., 44 AD3d 668, 670; Matter of Alan FF., 27 AD3d 800, 801). Applying this standard here, the allegations set forth in the first petition were facially sufficient to state a cause of action alleging neglect and to warrant that this matter proceed to a fact-finding hearing on those allegations. Pursuant to Family Court Act § 1012(f)(i)(A), a child is neglected where the child's "physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired" as a result of a parent's failure to exercise a minimum degree of care "in supplying the child with adequate . . . medical . . . care." Parents have a "nondelegable affirmative duty to provide their child with adequate medical care" (Matter of Hofbauer, 47 NY2d 648, 655). "To find medical neglect, there must be a determination that the parent did not seek or accept medical care, and that such failure placed the child in imminent danger of becoming impaired" (Matter of Shawndel M., 33 AD3d 1006, 1006).
Here, the first petition alleged that the child had been diagnosed with asthma at birth, and that despite being advised that the child had to be seen by her pediatrician every two months to monitor her condition, as of December 30, 2016, the parents had missed six appointments with the pediatrician since September 2016. In addition, the first petition alleged that the child's immunizations were not up to date, and that on December 6, 2016, the child was brought to the emergency room in respiratory distress, and despite the fact that the child was wheezing audibly, the mother left the hospital with the child against medical advice and before the child received treatment, and failed to follow up with the child's pediatrician. These allegations were sufficient to state a cause of action alleging medical neglect (see generally Matter of Mia G. [William B.], 146 AD3d 882, 883; Matter of Richard S. [Lacey P.], 130 AD3d 630, 633; Matter of Kinara C. [Jerome C.], 89 AD3d 839, 840).
Moreover, with respect to the second petition, the Family Court erred in determining that the allegations of neglect that had been alleged in the first petition were barred by the doctrine of law of the case, since the dismissal of the first petition was not on the merits (see Matter of Mark C. v Patricia B., 41 AD3d 1317, 1317; Brownrigg v New York City Hous. Auth., 29 AD3d 721, 722). Accordingly, we reinstate those portions of the second petition designated as paragraphs 1a and 1b, and remit the matter to the Family Court, Richmond County, for a fact-finding hearing on the allegations of neglect contained in those paragraphs and, if necessary, a dispositional hearing thereafter.
RIVERA, J.P., DUFFY, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court