Matter of Grimes v Pignalosa-Grimes (2018 NY Slip Op 06740)





Matter of Grimes v Pignalosa-Grimes


2018 NY Slip Op 06740


Decided on October 10, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 10, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
ANGELA G. IANNACCI, JJ.


2017-08769
 (Docket No. V-363-16)

[*1]In the Matter of Michael Grimes, appellant, 
v
Carmela Pignalosa-Grimes, respondent.


Yasmin Daley Duncan, Brooklyn, NY, for appellant.
Austin I. Idehen, Jamaica, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Richmond County (Peter F. DeLizzo, J.), dated July 27, 2017. The order, insofar as appealed from, after a fact-finding hearing, denied the father's petition for in-person parental access.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The petitioner is the father, and the respondent is the mother of the subject child, who was born in 2008. In January 2016, the father, who is incarcerated, commenced this proceeding pursuant to Family Court Act article 6 for in-person parental access with the child at the prison where the father is incarcerated. At the fact-finding hearing, the testimony established that the child was severely autistic. The child attended a special needs school and had sensory dysfunction. The mother testified that the child was not toilet trained, that he was easily upset by noises, and that he would not be able to endure the two-hour bus ride to the prison. The father had last seen the child in 2011 or 2012, when the mother and child visited the father in a detention facility in Brooklyn. The mother testified that the visit was "extremely stressful" for the child, the jail personnel asked the mother and the child to leave multiple times, and the child was unable to sit for any period of time. After the fact-finding hearing, the Family Court denied the father's petition, and, instead, directed that the father have telephone contact with the child. The father appeals.
The paramount concern in making a parental access determination is the best interests of the child, under the totality of the circumstances (see Eschbach v Eschbach, 56 NY2d 167, 172; Friederwitzer v Friederwitzer, 55 NY2d 89, 96; Matter of Mendez v Limas, 160 AD3d 866, 867). Parental access with a noncustodial parent is presumed to be in the best interests of a child, even when that parent is incarcerated (see Matter of Irizarry v Jorawar, 161 AD3d 863, 864; Matter of Granger v Misercola, 21 NY3d 86, 90-91; Matter of Torres v Pascuzzi-Corniel, 125 AD3d 675, 675-676). However, that presumption may be rebutted by demonstrating, by a preponderance of the evidence, that under all the circumstances parental access would be harmful to the child's welfare, or that the right to parental access has been forfeited (see Matter of Irizarry v Jorawar, 161 AD3d at 864; Matter of Torres v Pascuzzi-Corniel, 125 AD3d at 676). Here, there is a sound and substantial basis in the record for the Family Court's determination limiting the father's contact with [*2]the child to telephone communication. A preponderance of the evidence adduced at the fact-finding hearing demonstrated that in-person parental access at the prison would be harmful to the child's welfare (see Matter of Irizarry v Jorawar, 161 AD3d at 864; cf. Matter of Torres v Pascuzzi-Corniel, 125 AD3d at 676).
Accordingly, we agree with the Family Court's determination denying the father's petition for in-person parental access.
CHAMBERS, J.P., AUSTIN, ROMAN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court