Matter of Rigdon v Close (2021 NY Slip Op 07348)





Matter of Rigdon v Close


2021 NY Slip Op 07348


Decided on December 23, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, LINDLEY, AND DEJOSEPH, JJ.


480 CAF 19-02066

[*1]IN THE MATTER OF KEVIN DYLAN RIGDON, PETITIONER-APPELLANT,
v
KELLY L. CLOSE, STEVEN A. CLOSE, AND STEFANIE M. RIGDON, RESPONDENTS-RESPONDENTS. 






LINDSAY P. QUINTILONE, CONFLICT DEFENDER, GENESEO (BRADLEY E. KEEM OF COUNSEL), FOR PETITIONER-APPELLANT.
MICHAEL W. STIVERS, GENESEO, ATTORNEY FOR THE CHILDREN. 


 Appeal from an order of the Family Court, Livingston County (Dennis S. Cohen, J.), entered October 2, 2019 in a proceeding pursuant to Family Court Act article 6. The order dismissed the petition for modification of a prior custody and visitation order. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the petition is reinstated and the matter is remitted to Family Court, Livingston County, for further proceedings in accordance with the following memorandum: Petitioner father commenced this proceeding pursuant to Family Court Act article 6 seeking to modify a prior custody and visitation order by allowing him to communicate in writing and by phone with the subject children while he was incarcerated. Family Court sua sponte dismissed the petition without a hearing. The father appeals from the order of disposition as of right (see Family Ct Act
§ 1112 [a]; Matter of Foster v Bartlett, 59 AD3d 976, 977 [4th Dept 2009], lv denied 12 NY3d 710 [2009]), and we now reverse.
"A hearing is not automatically required whenever a parent seeks modification of a custody [or visitation] order" (Matter of Esposito v Magill, 140 AD3d 1772, 1773 [4th Dept 2016], lv denied 28 NY3d 904 [2016] [internal quotation marks omitted]). Rather, "[t]he petitioner must make a sufficient evidentiary showing of a change in circumstances to require a hearing on the issue whether the existing custody [and visitation] order should be modified" (Matter of Di Fiore v Scott, 2 AD3d 1417, 1417-1418 [4th Dept 2003] [internal quotation marks omitted]; see Matter of Gelling v McNabb, 126 AD3d 1487, 1487 [4th Dept 2015]).
In this case, the court dismissed the petition without a hearing on the ground that the father failed to fulfill one of the purported prerequisites for seeking modification of visitation contained in the prior order because the father had not completed substance abuse treatment. We agree with the father that the court erred in that regard. The prior order appropriately "does not require [the father] to complete a parenting program and [engage in] mental health [and substance abuse] counseling as a prerequisite to filing a petition for modification of custody or visitation" (Matter of Cramer v Cramer, 143 AD3d 1264, 1264 [4th Dept 2016], lv denied 28 NY3d 913 [2017]; see generally Matter of Allen v Boswell, 149 AD3d 1528, 1529-1530 [4th Dept 2017], lv denied 30 NY3d 902 [2017]). Rather, the prior order states that the father's "engagement in and completion of a parenting program" and his "consistent engagement in mental health and substance abuse treatment" would constitute a change in circumstances sufficient to support a future petition for modification of the order (see Cramer, 143 AD3d at 1264-1265).
Here, the father showed, and the court did not conclude otherwise, that he completed a parenting program and had consistently engaged in mental health treatment. Contrary to the court's conclusion, however, the other component of the prior order that would constitute a [*2]change in circumstances requires only the father's consistent engagement in, not completion of, substance abuse treatment. We conclude on this record that the father showed that he consistently engaged in substance abuse treatment while incarcerated and that he appropriately sought to continue such engagement upon his transfer to a different correctional facility. We thus conclude that the father made a sufficient evidentiary showing of a change in circumstances under the prior order (see generally Matter of DiPaolo v Avery, 93 AD3d 1240, 1241 [4th Dept 2012]).
We also agree with the father that the court erred to the extent that it determined on this record that visitation in the form of communication in writing and by phone would be detrimental to the children. Visitation with a noncustodial parent is presumed to be in the best interests of the child, even when the parent seeking visitation is incarcerated (see Matter of Granger v Misercola, 21 NY3d 86, 90-91 [2013]), but "the presumption may be rebutted when it is shown, 'by a preponderance of the evidence, that visitation would be harmful to the child' " (Matter of Fewell v Ratzel, 121 AD3d 1542, 1542 [4th Dept 2014], quoting Granger, 21 NY3d at 92). Moreover, "[a] determination of the [child's] best interests should only be made after a full evidentiary hearing unless there is sufficient information before the court to enable it to undertake an independent comprehensive review of the [child's] best interests" (Matter of Brown v Divelbliss, 105 AD3d 1369, 1370 [4th Dept 2013] [internal quotation marks omitted]).
Here, we conclude that the record is not sufficient to determine whether the visitation requested by the father would be harmful to the children (see id.). None of the parties opposing his petition "presented any evidence rebutting the presumption that [the requested] visitation with the father is in the child[ren's] best interests, and the record does not otherwise contain any evidence rebutting that presumption" (id.).
Based on the foregoing, we reverse the order, reinstate the petition, and remit the matter to Family Court for a hearing thereon.
Entered: December 23, 2021
Ann Dillon Flynn
Clerk of the Court