Matter of Jeffrey O. v Casey Q.
2026 NY Slip Op 03851
June 18, 2026
Appellate Division, Third Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Jeffrey O., Appellant,
v
Casey Q., Respondent. (And Two Other Related Proceedings.)

Decided and Entered:June 18, 2026
CV-24-1530
Calendar Date: April 22, 2026
Before: Aarons, J.P., Reynolds Fitzgerald, Powers, Corcoran And Ryba, JJ.

John A. Cirando, Syracuse, for appellant.
Christopher Hammond, Cooperstown, for respondent.
Michelle I. Rosien, Philmont, attorney for the child.

[*1]
Aarons, J.P.
Appeal from an order of the Family Court of Cortland County (David Alexander, J.), entered August 8, 2024, which, in three proceedings pursuant to Family Ct Act articles 8 and 10, dismissed the petitions.
The parties are familiar to this Court, having been the subjects of prior appeals as well as two related appeals heard in the April 2026 term (Matter of Jeffrey O. v Casey Q., ___ AD3d ___ [3d Dept 2026] [appeal No. CV-24-1454, decided herewith]; Matter of Jeffrey O. v Casey Q., ___ AD3d ___ [3d Dept 2026] [appeal No. CV-24-1616, decided herewith]; Matter of Casey Q. v Jeffrey O., 244 AD3d 1519 [3d Dept 2025]; Matter of Casey Q. v Jeffrey O., 237 AD3d 1270 [3d Dept 2025]). Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of a child (born in 2017). The father, self-represented, commenced three proceedings alleging that the mother violated an order of protection issued June 21, 2024 and committed various family offenses. Family Court, sua sponte, dismissed the petitions, observing that they were hundreds of pages long and mostly based upon conduct alleged to have occurred prior to the June 21, 2024 order of protection. The court clarified, however, that the father could commence new proceedings based upon facts alleged to have occurred after the June 21, 2024 order of protection was issued. The father appeals, and we affirm.
Initially, and contrary to the argument by the attorney for the child, Family Court's sua sponte dismissal of the petitions does not present a threshold appealability issue. "An appeal may be taken as of right from any order of disposition" under the Family Ct Act, which includes an order issued sua sponte that dismisses a petition in its entirety (Family Ct Act § 1112 [a]; see Matter of Rigdon v Close, 200 AD3d 1562, 1562 [4th Dept 2021]; Matter of Foster v Bartlett, 59 AD3d 976, 977 [4th Dept 2009], lv denied 12 NY3d 710 [2009]; see e.g. Matter of Anna D. v David E., 248 AD3d 1403, 1403 [3d Dept 2026]; see generally Matter of Josefina O. v Francisco P., 213 AD3d 1158, 1159 [3d Dept 2023] ["It has long been held that an order of disposition is synonymous with a final order or judgment" (internal quotation marks and citations omitted)]).
Nevertheless, Family Court did not abuse its discretion in sua sponte dismissing the petitions, each of which serves as a cumulative catalog of the mother's alleged transgressions stretching back to 2021. Even according the petitions a liberal construction and accounting for the father's self-represented status (see Matter of Anna D. v David E., 248 AD3d at 1403; Matter of Elliot v Marble, 49 AD3d 923, 925 [3d Dept 2008]), the majority of the father's allegations pertain to events predating the June 21, 2024 order of protection, and he already had the opportunity to litigate them (see Matter of Brian W. v Mary X., 200 AD3d 1439, 1441-1442 [3d Dept 2021]; see also Matter of Brendan N. [Arthur N.], 79 AD3d 1175, 1179 [3d Dept 2010], lvs denied 16 NY3d [*2]702 [2011], 16 NY3d 735 [2011]; compare Matter of Shimunov v Davydov, 179 AD3d 812, 813 [2d Dept 2020]). As the father was free to refile petitions based upon allegations that postdate the June 21, 2024 order, we reject his contention that dismissal without a hearing deprived him of his day in court (cf. Matter of Scott v Powell, 146 AD3d 964, 966 [2d Dept 2017]; Matter of Brendan N. [Arthur N.], 79 AD3d at 1179). The father's remaining contentions, to the extent not specifically addressed, are without merit.
Reynolds Fitzgerald, Powers, Corcoran and Ryba, JJ., concur.
ORDERED that the order is affirmed, without costs.