■ In the Matter of MICHAEL COOK, Appellant, v MARIE MORALES, Respondent. [714 NYS2d 172] —Order unanimously affirmed without costs. Memorandum: Contrary to the contention of petitioner, Family Court did not abuse its discretion in denying his petition seeking visitation with his daughter. Petitioner was incarcerated in 1995 after his arrest for two murders. He was subsequently convicted of those crimes and sentenced to terms of incarceration aggregating 50 years to life, which he is serving at Attica Correctional Facility. At the time of his incarceration, his daughter was four years old. She had occasional contact with petitioner prior to his arrest, but at the time of the hearing had no memory of her father and in fact believed that another man was her father. Respondent testified at the hearing on the petition that she had not told the child the truth about petitioner because she was concerned that the child would be negatively affected by it and that she would seek the aid of a therapist when she felt it was appropriate to tell the child about petitioner. The court-appointed therapist who interviewed respondent and the child did not recommend visitation. He testified that, if visitation were to occur, the process to prepare the child for visitation should be gradual, involving the services of a therapist to evaluate petitioner and work with respondent and the child to prepare the child for a relationship and an eventual visit with petitioner. The therapist further recommended that the process be evaluated at each step to determine whether to proceed to an actual visit.

"It is generally presumed to be in a child's best interest to have visitation with his or her noncustodial parent and the

fact that a parent is incarcerated will not, by itself, render visitation inappropriate" (*Matter of Davis v Davis,* 232 AD2d 773; *see, Matter of Lonobile v Betkowski,* 261 AD2d 829). Here, however, the court credited the report and testimony of the therapist in determining that it was not in the best interests of the child to order visitation (*cf., Matter of Rhynes v Rhynes,* 242 AD2d 943, 944). The court did not base its determination solely on the opposition of respondent to the petition (*cf., Matter of Buffin v Mosley,* 263 AD2d 962; *Matter of Rhynes v Rhynes, supra*). (Appeal from Order of Genesee County Family Court, Graney, J.—Visitation.) Present—Pigott, Jr., P. J., Pine, Hurlbutt, Scudder and Kehoe, JJ.