In the Matter of MICHAEL A. LONOBILE, Appellant, v KATHERINE A. BETKOWSKI, Respondent. [744 NYS2d 609] —Appeal from an order of Family Court, Monroe County (Miller, J.), entered July 24, 2000, which dismissed the petition seeking visitation.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Contrary to the contention of petitioner, Family Court did not abuse its discretion in dismissing his petition seeking visitation with his child. Petitioner was convicted of rape, sodomy, and assault and was incarcerated prior to the child's birth. The child was born in November 1994, and petitioner has had only two visits with the child since that time. Respondent testified to the child's behavioral and learning problems, which were confirmed by a clinical psychologist who had been working with the child. The psychologist testified that the child is impulsive, immature for his age, and distractible, and that the child had to be monitored for attention deficit disorder with hyperactivity when he started to attend school. The psychologist further testified that there is no relationship between petitioner and the child, that the child does not know that petitioner is his father, and that it would be advisable to wait until the child is approximately seven years old before telling him that petitioner is his father, particularly because the child identifies respondent's boyfriend as a father figure. The psychologist testified that he could see "no good coming of [visitation] right now" for the child, and that any relationship between petitioner and the child should be developed in a "supervised therapeutic manner."

"It is generally presumed to be in a child's best interest to have visitation with his or her noncustodial parent and the fact that a parent is incarcerated will not, by itself, render visitation inappropriate" (*Matter of Davis v Davis*, 232 AD2d 773, 773; *see Matter of Cook v Morales*, 275 AD2d 938, 938-939). Here, however, the court was entitled to credit the testimony of the psychologist that visitation would be detrimental to the welfare of the child (*see Matter of Lonobile v Bet-*

*kowski*, 261 AD2d 829), and therefore properly found that visitation would not be in the child's best interests (*see Cook*, 275 AD2d at 939). Present—Pigott, Jr., P.J., Green, Hurlbutt, Scudder and Burns, JJ.