In the Matter of TIMOTHY E. LANDO, JR., Appellant, v JESSICA J. LANDO, Respondent. [913 NYS2d 467]—

Appeal from an order of the Family Court, Oswego County (Bobette J. Morin, R.), entered September 24, 2009 in a proceeding pursuant to Family Court Act article 6. The order denied the petition for visitation.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner father, who is incarcerated, appeals from an order denying his petition seeking visitation with the parties' children. We conclude that Family Court properly determined, following a hearing, that it was in the best interests of the children to deny the father visitation (*see generally Matter of Lonobile v Betkowski*, 295 AD2d 994 [2002]; *Matter of Mills v Sweeting*, 278 AD2d 943 [2000]). The court noted that the parties' son has psychiatric diagnoses and properly credited the testimony of his treating therapist that visitation with the father in prison would be detrimental to the emotional and psychological welfare of the son (*see Matter of Frank P. v Judith S.*, 34 AD3d 1324 [2006]; *Matter of Medina v Kast*, 298 AD2d 956 [2002]; *Lonobile*, 295 AD2d 994 [2002]). Contrary to the father's contention, the court properly determined, without the benefit of psychological evidence, that the parties' daughter should be allowed to grow and develop before any further in-

person visitation with the father (*see Matter of McCullough v Brown*, 21 AD3d 1349 [2005]). "[N]either the parties nor the [Attorney for the Children] requested any psychological examinations, and it cannot be said that the court should have sua sponte ordered the examinations where, as here, there otherwise was sufficient testimony from the parties for the court to resolve the [matter]" (*Matter of Tracy v Tracy*, 309 AD2d 1252, 1253 [2003]).

We reject the further contention of the father that he received ineffective assistance of counsel at the hearing (*see generally Matter of Derrick C.*, 52 AD3d 1325, 1326 [2008], *lv denied* 11 NY3d 705 [2008]). "It is not the role of this Court to second-guess the attorney's tactics or trial strategy" (*Matter of Katherine D. v Lawrence D.*, 32 AD3d 1350, 1351-1352 [2006], *lv denied* 7 NY3d 717 [2006]) and, "[b]ased on our review of the record, we conclude that [the father] received meaningful representation" (*id.* at 1352). Present—Martoche, J.P., Centra, Fahey, Lindley and Sconiers, JJ.