# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**233**

**CAF 11-02192**

PRESENT: CENTRA, J.P., FAHEY, CARNI, LINDLEY, AND WHALEN, JJ.

---

IN THE MATTER OF VALENTINA RULINSKY,
PETITIONER-RESPONDENT-RESPONDENT,

V                                    MEMORANDUM AND ORDER

JERMAINE WEST, RESPONDENT-PETITIONER-APPELLANT.

---

PAUL M. DEEP, UTICA, FOR RESPONDENT-PETITIONER-APPELLANT.

MONICA R. BARILE, ATTORNEY FOR THE CHILD, NEW HARTFORD.

-----------------------------------------------------------------------------------

Appeal from an order of the Family Court, Oneida County (Randal B. Caldwell, J.), entered October 7, 2011 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, granted the petition of petitioner-respondent seeking to modify a prior order of custody and visitation, and denied the petition of respondent-petitioner for an order of contempt based on the alleged failure of petitioner-respondent to comply with the prior order.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this proceeding pursuant to article 6 of the Family Court Act, respondent-petitioner father appeals from an order that, following a hearing, granted the petition of petitioner-respondent mother seeking to modify a prior order of custody and visitation (prior order) by terminating visitation with the father, who was incarcerated. The order, inter alia, also denied the father's petition for an order of contempt based on the alleged failure of the mother to comply with the prior order. The prior order required the mother to bring the parties' biological child, who was 10 years old at the time of the commencement of this proceeding, to visit the father at the Auburn Correctional Facility twice a year.

We reject the father's contention that the mother failed to establish the requisite change in circumstances warranting a review of the prior order. "An order of visitation cannot be modified unless there has been a sufficient change in circumstances since the entry of the prior order [that], if not addressed, would have an adverse effect on the child['s] best interests" (*Matter of Anderson v Roncone*, 81 AD3d 1268, 1268, *lv denied* 16 NY3d 712 [internal quotation marks omitted]; *see also Matter of Ragin v Dorsey* [appeal No. 1], 101 AD3d 1758, 1758). "[W]hile not dispositive, the express wishes of older and more mature children can support the finding of a change in

circumstances" (*Matter of Dorsa v Dorsa*, 90 AD3d 1046, 1047; *see Matter of VanDusen v Riggs*, 77 AD3d 1355, 1356; *Matter of Burch v Willard*, 57 AD3d 1272, 1273). Here, the evidence establishes that, since the entry of the prior order and as the child has matured, she has developed a strong desire not to visit the father. Additionally, Family Court credited the mother's testimony that the father was using visitation time to attempt to reconcile with the mother rather than to interact with their child. Thus, we conclude that there has been a sufficient change of circumstances to warrant " 'an inquiry into whether the best interests of the [child] warranted a change in custody' " (*Matter of Dingeldey v Dingeldey*, 93 AD3d 1325, 1326; *see Matter of Bowers v Bowers*, 266 AD2d 741, 742).

We further reject the father's contention that the record fails to support the court's determination that visitation with him was not in the child's best interests. We recognize that "[v]isitation with a noncustodial parent is presumed to be in a child's best interests even when the parent is incarcerated" (*Matter of Chambers v Renaud*, 72 AD3d 1433, 1434; *see Matter of Flood v Flood*, 63 AD3d 1197, 1198). In order to rebut the presumption, the party opposing visitation must establish by a preponderance of the evidence "that under all the circumstances visitation [with the incarcerated parent] would be harmful to the child's welfare" (*Matter of Granger v Misercola*, ___ NY3d ___, ___ [Apr. 30, 2013]). Here, the court did not make a determination with respect to whether the presumption in favor of visitation with the father had been rebutted. Nevertheless, we conclude that the record is adequate to enable us to determine that the mother established by a preponderance of the evidence that, under all the circumstances, "visitation would be harmful to the child's welfare" (*id.* at ___; *see generally Matter of Vincent A.B. v Karen T.*, 30 AD3d 1100, 1101, *lv denied* 7 NY3d 711).

With respect to the analysis of the best interests of the child in the absence of any presumption, we note that visitation "need not always include contact visitation at the prison" (*Matter of Ruple v Harkenreader*, 99 AD3d 1085, 1087; *see Matter of Cole v Comfort*, 63 AD3d 1234, 1235, *lv denied* 13 NY3d 706; *Matter of Conklin v Hernandez*, 41 AD3d 908, 910). Moreover, "a court's determination regarding custody and visitation issues, based upon a first-hand assessment of the credibility of the witnesses after an evidentiary hearing, is entitled to great weight and will not be set aside unless it lacks an evidentiary basis in the record," i.e., is not "supported by a sound and substantial basis in the record" (*Matter of Krug v Krug*, 55 AD3d 1373, 1374). While the fact that the father " 'is incarcerated will not, by itself, render visitation [with him] inappropriate' " (*Matter of Thomas v Thomas*, 277 AD2d 935, 935), that fact, when considered in conjunction with the evidence establishing the father's lack of prior contact with the child, the father's failure to interact with the child during visitation and the child's express desire not to visit with the father, provides a sufficient basis for the court's determination that terminating visitation with the father was in the child's best interests (*see Matter of Bougor v Murray*, 283 AD2d 695, 695-696; *Bowers*, 266 AD2d at 742). We therefore find no basis to

disturb the court's determination, which was made after a *Lincoln* hearing and a full evidentiary hearing at which the father was present and testified (*cf. Thomas*, 277 AD2d at 935).

The father failed to preserve for our review his contention that the court should have dismissed the modification petition due to the mother's alleged lack of compliance with his discovery demand inasmuch as a "request for the imposition of a penalty pursuant to CPLR 3126 is improperly made for the first time on appeal" (*Rivera v City of New York*, 90 AD3d 735, 736).  We further reject the father's contention that the court erred in dismissing his petition seeking an order of contempt for the mother's alleged failure to comply with the prior order.  Where a party "seeks an adjudication of civil contempt based upon a violation of a court order, he or she must establish a willful and deliberate violation of a lawful court order expressing a clear and unequivocal mandate" (*Collins v Telcoa Intl. Corp.*, 86 AD3d 549, 549; *see Matter of Hicks v Russi*, 254 AD2d 801, 801), and that, "as a result of the violation, a right or remedy of a party to the litigation was prejudiced" (*Matter of Hughes v Kameneva*, 96 AD3d 845, 846; *see* Judiciary Law § 753; *McCain v Dinkins*, 84 NY2d 216, 226). Here, the mother's act of filing the modification petition was a proactive measure in the best interests of the child and is not the type of willful and deliberate violation punishable by contempt.

Entered:  June 14, 2013                        Frances E. Cafarell
                                               Clerk of the Court