# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**576**

**CAF 12-01093**

PRESENT: SCUDDER, P.J., SMITH, CENTRA, AND LINDLEY, JJ.

---

IN THE MATTER OF CLARENCE R. BROWN,
PETITIONER-APPELLANT,

V                                                         MEMORANDUM AND ORDER

SHANNON TERWILLIGER AND MARY ANN TERWILLIGER,
RESPONDENTS-RESPONDENTS.
------------------------------------------------
IN THE MATTER OF CLARENCE R. BROWN,
PETITIONER-APPELLANT,

V

KELLY FINNERTY, RESPONDENT-RESPONDENT.

---

WILLIAMS, HEINL, MOODY & BUSCHMAN, P.C., AUBURN (RYAN JAMES MULDOON OF COUNSEL), FOR PETITIONER-APPELLANT.

SUSAN JAMES, ATTORNEY FOR THE CHILDREN, WATERLOO.

---

Appeal from an order of the Family Court, Cayuga County (Mark H. Fandrich, A.J.), entered April 27, 2012. The order, among other things, denied the petitions for visitation.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner, an inmate serving a 15-year determinate sentence, commenced these consolidated proceedings pursuant to article 6 of the Family Court Act, seeking visitation with three of his children, but he subsequently withdrew his request for visitation with one of the children upon learning that she may suffer emotionally from visitation with him in prison. The mother and maternal grandmother of one of the two remaining children (hereafter, daughter) are the respondents in one proceeding, and the mother of the other child (hereafter, son) is the respondent in the other proceeding. At the conclusion of the joint fact-finding hearing, Family Court denied the petitions but allowed petitioner to communicate in writing with the two children. We affirm.

Although we recognize that the rebuttable presumption in favor of visitation applies when the parent seeking visitation is incarcerated (*see Matter of Granger v Misercola*, 21 NY3d 86, 91), we conclude that respondents rebutted the presumption by establishing by a

preponderance of the evidence that visitation with petitioner would be harmful to the children (*see id.*).  A parent's failure to seek visitation with a child for a prolonged period of time is a relevant factor when determining whether visitation is warranted (*see Matter of Russell v Simmons*, 88 AD3d 1080, 1081; *Matter of Butler v Ewers*, 78 AD3d 1667, 1667), and, here, petitioner has never met the daughter or the son.  In fact, before commencing these proceedings, petitioner did not seek visitation with either child.  Thus, petitioner is "essentially a stranger to the child[ren]" (*Matter of Cole v Comfort*, 63 AD3d 1234, 1236, *lv denied* 13 NY3d 706).

In addition, the daughter's counselor testified in detail as to how visitation would be detrimental to her welfare (*see Matter of Lando v Lando*, 79 AD3d 1796, 1796, *lv denied* 16 NY3d 709; *Matter of Frank P. v Judith S.*, 34 AD3d 1324, 1324-1325).  Although there was no similar expert testimony regarding the effect of visitation on the son, such testimony regarding the effect of visitation is not by itself determinative (*see Lando*, 79 AD3d at 1796-1797; *Matter of McCullough v Brown*, 21 AD3d 1349, 1349-1350), and there was sufficient other evidence to support the court's determination, such as testimony from the son's mother that he is afraid of seeing petitioner and has been placed in therapy since he learned of these proceedings.

In sum, "the propriety of visitation is generally left to the sound discretion of Family Court[,] whose findings are accorded deference by this Court and will remain undisturbed unless lacking a sound basis in the record" (*Matter of Conklin v Hernandez*, 41 AD3d 908, 910 [internal quotation marks omitted]), and, here, there is a sound and substantial basis in the record to support the court's determination that visitation with petitioner is not in the children's best interests (*see Matter of Robert AA. v Colleen BB.*, 101 AD3d 1396, 1397-1399, *lv denied* 20 NY3d 860).

Entered:  July 5, 2013                           Frances E. Cafarell
                                                 Clerk of the Court