# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**940**

**CAF 13-01403**

PRESENT: SCUDDER, P.J., CENTRA, CARNI, LINDLEY, AND WHALEN, JJ.

---

IN THE MATTER OF CHRIS SAWYER FEWELL,
PETITIONER-APPELLANT,

V                                              MEMORANDUM AND ORDER

STACEY A. RATZEL, RESPONDENT-RESPONDENT.

---

THE ABBATOY LAW FIRM, PLLC, ROCHESTER (DAVID M. ABBATOY, JR., OF
COUNSEL), FOR PETITIONER-APPELLANT.

GERARD R. ROUX, II, EAST AMHERST, FOR RESPONDENT-RESPONDENT.

LYLE T. HAJDU, ATTORNEY FOR THE CHILD, LAKEWOOD.

---

Appeal from an order of the Family Court, Allegany County (Thomas P. Brown, J.), entered July 24, 2013 in a proceeding pursuant to Family Court Act article 6.  The order dismissed the petition seeking visitation.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum:  In this proceeding pursuant to article 6 of the Family Court Act, petitioner father appeals from an order that denied his petition to modify a prior consent order of custody and visitation with respect to the parties' eight-year-old son.  The father was sentenced in 2006 to a determinate term of imprisonment of 20 years based upon his conviction of rape in the first degree (Penal Law § 130.35) and criminal sexual act in the first degree (§ 130.50). Although Family Court concluded that the father had demonstrated a change in circumstances, it nevertheless determined based on the evidence presented at the hearing, including the uncontroverted testimony of the child's psychologist, that it was not in the best interests of the child to have visitation with the father at the correctional facility.  We affirm.

It is well settled that "[v]isitation with a noncustodial parent is presumed to be in a child's best interests even when the parent is incarcerated" (*Matter of Chambers v Renaud*, 72 AD3d 1433, 1434), but the presumption may be rebutted when it is shown, "by a preponderance of the evidence, that visitation would be harmful to the child" (*Matter of Granger v Misercola*, 21 NY3d 86, 92).  The court should consider the "totality of the circumstances" in determining whether visitation would be harmful to the child (*Matter of Culver v Culver*,

82 AD3d 1296, 1297, *appeal dismissed* 16 NY3d 884, *lv denied* 17 NY3d 710).  Here, the record demonstrates that the father "failed to establish a meaningful relationship with the child" (*Matter of Butler v Ewers*, 78 AD3d 1667, 1667).  The father had been incarcerated since the child was in utero, he had never met the child, and the child indicated that he did not want to visit the father.  Furthermore, the child's psychologist testified that visitation would be detrimental to the child and that the father was "a total stranger" to the child (*see Matter of Lonobile v Betkowski*, 295 AD2d 994, 994-995).  We conclude that there is "a sound and substantial basis in the record" to support the court's determination (*Matter of Nicole J.R. v Jason M.R.*, 81 AD3d 1450, 1451, *lv denied* 17 NY3d 701).

Entered:  October 3, 2014                          Frances E. Cafarell
                                                   Clerk of the Court