# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**73**

**KA 14-01340**

PRESENT: CARNI, J.P., LINDLEY, NEMOYER, TROUTMAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

LEON C. BLOOM, JR., ALSO KNOWN AS LEON BLOOM,
DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ALAN WILLIAMS OF COUNSEL), FOR DEFENDANT-APPELLANT.

LAWRENCE FRIEDMAN, DISTRICT ATTORNEY, BATAVIA (MELISSA CIAFRINI OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Genesee County Court (Robert C. Noonan, J.), rendered July 21, 2014. The judgment convicted defendant, after a nonjury trial, of burglary in the second degree and criminal obstruction of breathing or blood circulation.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by amending the order of protection to delete the no contact provisions with respect to defendant's son and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a nonjury trial of burglary in the second degree (Penal Law § 140.25 [2]) and criminal obstruction of breathing or blood circulation (§ 121.11). County Court issued stay away and no contact orders of protection against defendant with respect to both the victim and defendant's son, to remain effective until October 9, 2031. Defendant failed to preserve for our review his contention that the People committed a *Brady* violation by failing to disclose the notes of a police officer who interviewed the victim (*see People v Tobias*, 273 AD2d 925, 926, *lv denied* 95 NY2d 908), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). By failing to seek a sanction or raise the issue again after the court deferred discussion of the failure to disclose the notes, "any claim for relief defendant might have as a result of a possible violation of his *Rosario* rights must be deemed abandoned" (*People v Graves*, 85 NY2d 1024, 1027).

We reject defendant's contention that he was denied effective assistance of counsel. Although defense counsel did not understand the necessity and procedure for laying a foundation for the admission of Facebook messages exchanged between defendant and the victim, that

error did not deprive defendant of effective assistance of counsel (*see People v Newton*, 138 AD2d 415, 416*, lv denied* 72 NY2d 864). Defense counsel was not ineffective with respect to the failure to preserve defendant's *Rosario* and *Brady* claims for appellate review inasmuch as deprivation of appellate review does not establish ineffective assistance of counsel in the absence of a showing that the underlying contention "would be meritorious upon appellate review" (*People v Bassett*, 55 AD3d 1434, 1438, *lv denied* 11 NY3d 922). Here, defendant failed to demonstrate that his underlying contention would be meritorious because he failed to establish that there was a "reasonable possibility" that the officer's personal interview notes would have changed the result of the proceedings (CPL 240.75; *see People v Fuentes*, 12 NY3d 259, 263, *rearg denied* 13 NY3d 766; *People v Gayden* [appeal No. 2], 111 AD3d 1388, 1389). We have considered defendant's remaining claims of ineffective assistance of counsel and conclude that they are without merit, and that defendant received "meaningful representation" (*People v Baldi*, 54 NY2d 137, 147).

Viewing the evidence in light of the elements of the crimes in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

Defendant contends that the court abused its discretion with respect to the stay away, no contact and durational provisions of the order of protection regarding his son born of the marriage with the victim. Defendant's contentions with respect to the stay away and durational provisions of the order are not preserved for our review because defendant failed to make a specific objection thereto at the time of sentencing (*see People v Nieves*, 2 NY3d 310, 315). We agree with defendant, however, that the no contact provisions of the order with respect to his son are unwarranted under the circumstances. We therefore modify the judgment by amending the order of protection to delete the provisions prohibiting defendant from communicating with or contacting the subject child by mail, telephone, email, voicemail or other electronic means.

Finally, the sentence is not unduly harsh or severe.

Entered: April 28, 2017                    Frances E. Cafarell
                                           Clerk of the Court