Matter of Kelly v Brown (2019 NY Slip Op 05930)





Matter of Kelly v Brown


2019 NY Slip Op 05930


Decided on July 31, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


698 CAF 18-00747

[*1]IN THE MATTER OF DESEAN T. KELLY, PETITIONER-APPELLANT,
v
LORREN BROWN, RESPONDENT-RESPONDENT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (BENJAMIN L. NELSON OF COUNSEL), FOR PETITIONER-APPELLANT. 
MARK D. FUNK, CONFLICT DEFENDER, ROCHESTER (KATHLEEN P. REARDON OF COUNSEL), FOR RESPONDENT-RESPONDENT.
MARK A. SCHLECHTER, ROCHESTER, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Monroe County (Thomas W. Polito, R.), entered March 15, 2018 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, denied petitioner's request for visitation. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 6, petitioner father appeals from an order that, inter alia, denied his request for in-person visitation with the subject child at the correctional facility in which he is currently incarcerated. Contrary to the father's contention, we conclude that the determination of Family Court, made after a hearing, is supported by a sound and substantial basis in the record (see Matter of Rulinsky v West, 107 AD3d 1507, 1509 [4th Dept 2013]).
Although " [v]isitation with a noncustodial parent is presumed to be in a child's best interests even when the parent is incarcerated' " (Matter of Fewell v Ratzel, 121 AD3d 1542, 1542 [4th Dept 2014]), "the presumption may be rebutted when it is shown, by a preponderance of the evidence, that visitation would be harmful to the child' " (id., quoting Matter of Granger v Misercola, 21 NY3d 86, 92 [2013]; see Rulinsky, 107 AD3d at 1509). Here, respondent mother established by a preponderance of the evidence that, under all the circumstances, "visitation would be harmful to the child's welfare" (Granger, 21 NY3d at 91).
The mother established that the child, who was approximately 2½ years old at the time of the hearing, did not have a significant relationship with the father, who last saw the child when he was 15 months old (see e.g. Matter of Carroll v Carroll, 125 AD3d 1485, 1486 [4th Dept 2015], lv denied 25 NY3d 907 [2015]; Matter of Butler v Ewers, 78 AD3d 1667, 1668 [4th Dept 2010]; Matter of McCullough v Brown, 21 AD3d 1349, 1349 [4th Dept 2005]). The mother also established that the child had no relationship with the paternal relatives with whom he would have to travel more than two hours each way to visit the father in prison (see Butler, 78 AD3d at 1668; see also Matter of Leary v McGowan, 143 AD3d 1100, 1102 [3d Dept 2016]).
We are mindful that the age of a child is a significant factor to consider in determining the issue of visitation (see Matter of Conklin v Hernandez, 41 AD3d 908, 911 [3d Dept 2007]), and the court properly considered the effects that visitations in prison might have on the child in light of his young age. It has been recognized that "the best interests of a child, and particularly a young child, may not be served by imposing in-person visits to a correctional facility. The atmosphere and setting of such visits may be traumatic to the child and his or her view of the [*2]parent" (Matter of Benjamin OO. v Latasha OO., 170 AD3d 1394, 1396 [3d Dept 2019], lv denied — NY3d — [June 25, 2019]). Based on a consideration of all the relevant factors, we conclude that "the court properly determined . . . that it was in the best interests of the child[ ] to delay visitation so that [he] could continue to grow and develop before commencing visitation with the[ ] father" (McCullough, 21 AD3d at 1349).
Contrary to the father's final contention, the court did not improperly delegate to the mother the court's authority to determine issues involving the child's best interests (cf. Matter of Hameed v Alatawaneh, 19 AD3d 1135, 1136 [4th Dept 2005]). The record demonstrates that the court "properly reserved the final decision to itself, and that it relied upon the record as a whole" in making a final determination to deny in-person visitation (Matter of Hennelly v Viger, 198 AD2d 224, 225 [2d Dept 1993]).
Entered: July 31, 2019
Mark W. Bennett
Clerk of the Court