Matter of Bloom v Mancuso (2019 NY Slip Op 06262)





Matter of Bloom v Mancuso


2019 NY Slip Op 06262


Decided on August 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


485 CAF 18-01011

[*1]IN THE MATTER OF LEON C. BLOOM, JR., PETITIONER-APPELLANT,
v
KATI MANCUSO, RESPONDENT-RESPONDENT. 






BRIDGET L. FIELD, ROCHESTER, FOR PETITIONER-APPELLANT.


 Appeal from an order of the Family Court, Genesee County (Eric R. Adams, J.), entered May 18, 2018 in a proceeding pursuant to Family Court Act article 6. The order dismissed the petition for a modification of visitation. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 6, petitioner father appeals from an order that dismissed his petition seeking in-person visitation with the subject child at the correctional facility in which he is currently incarcerated. We affirm.
The father is currently serving a sentence imposed on a conviction stemming from an incident in which he entered respondent mother's home and choked her, in the presence of the then-infant subject child, while the father and mother were married but separated. In 2014, the father was convicted in connection with that incident of burglary in the second degree (Penal Law § 140.25 [2]) and criminal obstruction of breathing or blood circulation (§ 121.11). He was sentenced, as a second violent felony offender, to an aggregate determinate term of 10 years in prison with five years' postrelease supervision, and orders of protection were issued prohibiting the father from, inter alia, having contact with the mother or the subject child until 2031. On a prior appeal, we modified the judgment of conviction by amending the order of protection regarding the subject child to delete the provisions that prohibited the father "from communicating with or contacting the subject child by mail, telephone, email, voicemail or other electronic means" (People v Bloom, 149 AD3d 1462, 1464 [4th Dept 2017], lv denied 30 NY3d 947 [2017]).
Preliminarily, the father's contention that Family Court erred in failing to draw an adverse inference against the mother based on her failure to appear or testify in opposition to his petition is not preserved for our review. It is well settled that "[t]he party seeking a missing witness inference has the initial burden of setting forth the basis for the request as soon as practicable" (Matter of Lewis, 158 AD3d 1247, 1250 [4th Dept 2018], lv denied 31 NY3d 909 [2018] [internal quotation marks omitted]; see Matter of Liam M.J. [Cyril M.J.], 170 AD3d 1623, 1625 [4th Dept 2019]; see generally People v Nguyen, 156 AD3d 1461, 1462 [4th Dept 2017], lv denied 31 NY3d 1016 [2018]) and, here, the record establishes that the father never requested that the court draw an adverse inference against the mother. Furthermore, inasmuch as a court may not sua sponte draw a missing witness inference (see Matter of Spooner-Boyke v Charles, 126 AD3d 907, 909 [2d Dept 2015]), the court did not err in failing to do so here.
Contrary to the father's further contention, we conclude that "a sound and substantial basis exist[s] in the record for the court's determination that the visitation requested by petitioner would not be in the . . . child's best interest[s] under the present circumstances" (Matter of Ellett v Ellett, 265 AD2d 747, 748 [3d Dept 1999]; see Matter of Smith v Stewart, 145 AD3d 1534, 1535 [4th Dept 2016], lv denied 29 NY3d 906 [2017]). Although visitation with a noncustodial [*2]parent is presumed to be in the best interests of the child, even when the parent seeking visitation is incarcerated (see Matter of Granger v Misercola, 21 NY3d 86, 89 [2013]; Matter of Brown v Terwilliger, 108 AD3d 1047, 1048 [4th Dept 2013], lv denied 22 NY3d 858 [2013]), that presumption is rebuttable, and "a demonstration that such visitation would be harmful to the child will justify denying such a request' " (Granger, 21 NY3d at 91; see Matter of Rulinsky v West, 107 AD3d 1507, 1509 [4th Dept 2013]).
First, while the record establishes that the father committed acts of domestic violence against the mother in the presence of the subject child, the court noted that it observed "no expression of remorse or acknowledgment that [the father's] behaviors were detrimental to the child." "[W]here, as here, domestic violence is alleged, the court must consider the effect of such domestic violence upon the best interests of the child' " (Matter of Moreno v Cruz, 24 AD3d 780, 781 [2d Dept 2005], lv denied 6 NY3d 712 [2006], quoting Domestic Relations Law § 240 [1]; see Smith, 145 AD3d at 1535). Second, the record establishes that the father was a stranger to the subject child and had never been involved in the child's life in any meaningful way (cf. Granger, 21 NY3d at 89). At the time of the hearing, the subject child was almost five years old, and the father had been incarcerated since the child was approximately three months old (see e.g. Matter of Fewell v Ratzel, 121 AD3d 1542, 1543 [4th Dept 2014]; Rulinsky, 107 AD3d at 1509). Furthermore, although the father had a "plan to accomplish the requested visitation" (Smith, 145 AD3d at 1535), that plan entailed having his father transport the child from Rochester to Attica Correctional Facility, two weekend mornings per month, for visitations of five or six hours each, in a room shared by several other inmates and their visitors. Critically, the child had never met the paternal grandfather or any other members of the father's family. Thus, we find no basis to disturb the court's determination denying the father's request for in-person visitation with the subject child at the prison (see id.; Matter of Butler v Ewers, 78 AD3d 1667, 1667-1668 [4th Dept 2010]; see generally Matter of Ruple v Harkenreader, 99 AD3d 1085, 1086 [3d Dept 2012]). Nevertheless, we note that "visitation need not always include contact visitation at the prison" (Rulinsky, 107 AD3d at 1509 [internal quotation marks omitted]), and the father is permitted to have contact with the child "by mail, telephone, email, voicemail or other electronic means" (Bloom, 149 AD3d at 1464).
Entered: August 22, 2019
Mark W. Bennett
Clerk of the Court