Matter of Madalynn W. (Shawn W.) (2020 NY Slip Op 04094)





Matter of Madalynn W. (Shawn W.)


2020 NY Slip Op 04094


Decided on July 17, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 17, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, CURRAN, TROUTMAN, AND WINSLOW, JJ.


727 CAF 19-00157

[*1]IN THE MATTER OF MADALYNN W. OSWEGO COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; SHAWN W., RESPONDENT-APPELLANT. 






ROBERT J. GALLAMORE, OSWEGO, FOR RESPONDENT-APPELLANT.
JEFFERY G. TOMPKINS, CAMDEN, FOR PETITIONER-RESPONDENT.
CATHERINE M. SULLIVAN, BALDWINSVILLE, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Oswego County (James K. Eby, J.), entered January 4, 2019 in a proceeding pursuant to Family Court Act article 10. The order, among other things, adjudged that respondent derivatively abused the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 10, respondent father appeals from an order that, inter alia, granted that part of petitioner's motion for summary judgment seeking a determination that the father derivatively abused the subject child, who was born after the father's underlying acts of severe abuse against another child. We affirm.
"In determining whether a child born after underlying acts of abuse or neglect should be adjudicated derivatively abused or neglected, the determinative factor is whether, taking into account the nature of the conduct and any other pertinent considerations, the conduct which formed the basis for a finding of abuse or neglect as to one child is so proximate in time to the derivative proceeding that it can reasonably be concluded that the condition still exists" (Matter of Elijah L.J. [LaToya J.], 173 AD3d 1184, 1185-1186 [2d Dept 2019] [internal quotation marks omitted]; see Matter of Dana T. [Anna D.], 71 AD3d 1376, 1376 [4th Dept 2010]; Matter of Seth G., 50 AD3d 1530, 1531 [4th Dept 2008]). "In such a case, the condition is presumed to exist currently and the respondent has the burden of proving that the conduct or condition cannot reasonably be expected to exist currently or in the foreseeable future" (Elijah L.J., 173 AD3d at 1186). Here, petitioner established its entitlement to summary judgment by submitting, inter alia, evidence that the father had admitted to severely abusing the other child and evidence of the father's criminal conviction arising from that conduct. Under the circumstances of this case, the evidence of the father's conduct established that "the father had an impaired level of parental judgment so as to create a substantial risk of harm to any child residing in his care" (Matter of Jovon J., 51 AD3d 1395, 1396 [4th Dept 2008] [internal quotation marks omitted]). The father failed to rebut the presumption that the impaired level of parental judgment that led to the underlying abuse continued to exist at the time petitioner initiated this proceeding (see Elijah L.J., 173 AD3d at 1186), especially inasmuch as approximately only two months elapsed between the father's underlying severe abuse of the other child and the commencement of this proceeding.
By failing to request an additional adjournment at the appearance at which Family Court heard petitioner's motion for summary judgment, the father failed to preserve for our review his contention that the court should have granted him an additional adjournment so that he could more fully respond to that motion (see generally Matter of Jaydalee P. [Codilee R.], 156 AD3d [*2]1477, 1477 [4th Dept 2017], lv denied 31 NY3d 904 [2018]). The record belies the father's further contention that the court prevented him from presenting additional evidence in opposition to petitioner's motion. To the contrary, prior to deciding the motion, the court asked the father's counsel whether there was "anything else [counsel] want[ed] to add," and the father's counsel replied in the negative.
Lastly, we reject the father's contention that the court erred in denying his request for visitation with the child while the father is incarcerated. Although the rebuttable presumption in favor of visitation with a noncustodial parent applies even when the parent seeking visitation is incarcerated (see Matter of Granger v Misercola, 21 NY3d 86, 90-91 [2013]; Matter of Kelly v Brown, 174 AD3d 1523, 1524 [4th Dept 2019], lv denied 34 NY3d 907 [2020]), that presumption was rebutted here by evidence that the child had no relationship with the father, that it would be difficult for the child to travel to see the father, and that, in light of the child's especially young age, visitation at the correctional facility would not serve the child's best interests (see Kelly, 174 AD3d at 1524; Matter of Carroll v Carroll, 125 AD3d 1485, 1486 [4th Dept 2015], lv denied 25 NY3d 907 [2015]).
Entered: July 17, 2020
Mark W. Bennett
Clerk of the Court