Matter of Santoro v Guggi (2021 NY Slip Op 00675)





Matter of Santoro v Guggi


2021 NY Slip Op 00675


Decided on February 5, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, NEMOYER, WINSLOW, AND BANNISTER, JJ.


80 CAF 19-00812

[*1]IN THE MATTER OF JOHN SANTORO, PETITIONER-APPELLANT,
v
AMBER GUGGI, RESPONDENT-RESPONDENT. - IN THE MATTER OF AMBER GUGGI, PETITIONER-RESPONDENT, 
JOHN SANTORO, RESPONDENT-APPELLANT. 






CHARLES J. GREENBERG, AMHERST, FOR PETITIONER-APPELLANT AND RESPONDENT-APPELLANT.
STEPHANIE N. DAVIS, OSWEGO, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Oneida County (James R. Griffith, J.), entered January 8, 2019 in a proceeding pursuant to Family Court Act article 6. The order, among other things, dismissed petitioner-respondent John Santoro's modification petition and violation petitions. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 6, petitioner-respondent father filed a modification petition and violation petitions and respondent-petitioner mother filed a modification petition and violation petition. Pursuant to a 2006 order on consent that was subsequently modified by a 2010 order on consent, the mother had sole custody of the subject child, the father had such visitation as agreed by the parties, and the father was permitted to write letters to the child. The father now appeals from an order that, inter alia, denied his petition seeking, among other things, in-person visitation with the child at the correctional facility in which he is currently incarcerated, denied his violation petitions, and granted, in part, the petition of the mother by limiting the father's access to the child to writing one letter per month.
With respect to the father's contention that Family Court should have granted his petition insofar as he sought in-person visitation with the child, it is well settled that "visitation with a noncustodial parent is presumed to be in the best interests of the child, even when the parent seeking visitation is incarcerated" (Matter of Bloom v Mancuso, 175 AD3d 924, 926 [4th Dept 2019], lv denied 34 NY3d 905 [2019]; see Matter of Granger v Misercola, 21 NY3d 86, 90-91 [2013]). That presumption, however, is rebuttable, and a demonstration by a preponderance of the evidence "that such visitation would be harmful to the child will justify denying such a request" (Granger, 21 NY3d at 91 [internal quotation marks omitted]; see Matter of Rulinsky v West, 107 AD3d 1507, 1509 [4th Dept 2013]). Although the court did not make a finding with respect to whether the mother rebutted the presumption, the "record is adequate to enable us to determine that the mother established by a preponderance of the evidence that, under all the circumstances, 'visitation would be harmful to the child's welfare' " (Rulinsky, 107 AD3d at 1509, quoting Granger, 21 NY3d at 91).
We further conclude that a sound and substantial basis in the record supports the court's determination to limit the father's access to the child to writing one letter per month (see generally Matter of Smith v Stewart, 145 AD3d 1534, 1535 [4th Dept 2016], lv denied 29 NY3d 906 [2017]; Matter of Brown v Terwilliger, 108 AD3d 1047, 1048 [4th Dept 2013], lv denied 22 NY3d 858 [2013]). The record includes, among other things, evidence that the father had virtually no relationship with the child prior to his most recent incarceration (see Bloom, 175 AD3d at 926), and the letters he wrote to her in the past contained numerous derogatory remarks about the mother, which the child resented. Also, as noted by the court in its written decision, the child strongly preferred to have no contact with the father, and "[a]lthough the [c]ourt is . . . not required to abide by the wishes of a child to the exclusion of the other factors in the best interests analysis . . . , the wishes of the [14]-year-old child are . . . entitled to great weight where, as here, the age and maturity [of the child] would make [her] input particularly meaningful" (Matter of Alwardt v Connolly, 183 AD3d 1252, 1253-1254 [4th Dept 2020], lv denied 35 NY3d 910 [2020] [internal quotation marks omitted]). The child was aware through her own internet searches of the crimes towards women for which defendant was incarcerated, and the child was afraid of the father because of the disturbing nature of those crimes (see Matter of Dibble v Valachovic, 141 AD3d 774, 775-776 [3d Dept 2016]).
The father next contends that the court erred in dismissing his violation petitions. We reject that contention and conclude that "the court properly determined that [the father] failed to establish by clear and convincing evidence that the mother willfully violated the terms of the custody order[s] with respect to his visitation" (Matter of Unczur v Welch, 159 AD3d 1405, 1405 [4th Dept 2018], lv denied 31 NY3d 909 [2018]). We have reviewed the father's remaining contentions
and conclude that they are either unpreserved or without merit.
Entered: February 5, 2021
Mark W. Bennett
Clerk of the Court