Matter of Mountzouros v Mountzouros (2021 NY Slip Op 00762)





Matter of Mountzouros v Mountzouros


2021 NY Slip Op 00762


Decided on February 5, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, CURRAN, AND BANNISTER, JJ.


1198 CAF 19-01571

[*1]IN THE MATTER OF DIANE MOUNTZOUROS, PETITIONER-RESPONDENT,
v
KENNETH MOUNTZOUROS, RESPONDENT-APPELLANT. 






HAYDEN DADD, CONFLICT DEFENDER, GENESEO (HEIDI W. FEINBERG OF COUNSEL), FOR RESPONDENT-APPELLANT. 
WENDY S. SISSON, GENESEO, FOR PETITIONER-RESPONDENT.
PAUL B. WATKINS, FAIRPORT, ATTORNEY FOR THE CHILDREN. 


 Appeal from an order of the Family Court, Livingston County (Robert B. Wiggins, J.), entered July 23, 2019 in a proceeding pursuant to Family Court Act article 6. The order granted sole custody of the subject children to petitioner and suspended all visitation and communication between respondent and the subject children. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 6, respondent father appeals from an order that granted petitioner mother's petition for modification of a prior stipulated custody and visitation order by awarding the mother sole custody of the two subject children and by suspending the father's visitation and communication with the children and any of their service providers. As a preliminary matter, it is undisputed on appeal that the father's incarceration upon his criminal conviction for sexually abusing an older sibling of the subject children constituted a sufficient change in circumstances to warrant an inquiry into whether modification of the stipulated custody and visitation order would be in the children's best interests (see Matter of Naquan V. v Tia W., 172 AD3d 1467, 1468 [3d Dept 2019]; Matter of Knight v Knight, 92 AD3d 1090, 1092 [3d Dept 2012]; Matter of Cole v Comfort, 63 AD3d 1234, 1235 [3d Dept 2009], lv denied 13 NY3d 706 [2009]). Moreover, the father does not challenge Family Court's determination that, under the circumstances, granting the mother sole custody was in the children's best interests (see Matter of Poromon v Evans, 176 AD3d 1642, 1643 [4th Dept 2019]; Matter of Hares v Walker, 8 AD3d 1019, 1020 [4th Dept 2004]). Instead, the father contends that the court erred in determining that suspending all visitation and communication between himself and the children was in the children's best interests. We reject that contention for the reasons that follow.
Although visitation with a noncustodial parent is presumed to be in the best interests of the child, even when the parent seeking visitation is incarcerated (see Matter of Granger v Misercola, 21 NY3d 86, 90-91 [2013]), "the presumption may be rebutted when it is shown, 'by a preponderance of the evidence, that visitation would be harmful to the child' " (Matter of Fewell v Ratzel, 121 AD3d 1542, 1542 [4th Dept 2014], quoting Granger, 21 NY3d at 92). "[T]he propriety of visitation is generally left to the sound discretion of Family Court[,] whose findings are accorded deference by this Court and will remain undisturbed unless lacking a sound basis in the record" (Matter of Brown v Terwilliger, 108 AD3d 1047, 1048 [4th Dept 2013], lv denied 22 NY3d 858 [2013] [internal quotation marks omitted]).
Here, as a threshold matter on this issue, although the father failed to include in the record the transcript of the prior testimony of a school aide of which the court took judicial notice, we [*2]conclude that the unchallenged detailed review of that testimony elsewhere in the record, along with the full hearing testimony of all other witnesses, permits meaningful appellate review of the father's challenge to the court's suspension of all visitation and communication with the children (see Matter of Steven Glenn R., 51 AD3d 802, 802-803 [2d Dept 2008]). Nonetheless, to the extent that the father contends that the court erred in failing to afford him in-person visitation with the children at the correctional facility, that contention is not preserved for our review inasmuch as he never requested such visitation and, instead, requested only telephonic communication and written correspondence (cf. Matter of April L.S. v Joshua F., 173 AD3d 1675, 1677 [4th Dept 2019]; see generally Matter of Anthony MM. v Rena LL., 34 AD3d 1171, 1172 [3d Dept 2006], lv denied 8 NY3d 805 [2007]).
With respect to the father's preserved contention, although the court did not expressly determine whether the presumption in favor of visitation with the father was rebutted, "the record is adequate to enable us to determine that the mother established by a preponderance of the evidence that, under all the circumstances, 'visitation would be harmful to the child[ren's] welfare' " (Matter of Rulinsky v West, 107 AD3d 1507, 1509 [4th Dept 2013], quoting Granger, 21 NY3d at 91). The evidence, including the testimony of the mother and the school aide and the statements adduced at the Lincoln hearing with one of the subject children, established that the father was criminally convicted for sexually abusing the older sibling, that one of the subject children also disclosed sexual abuse by the father and exhibited behaviors indicative of such abuse, that prior telephone contact with the father was deeply disturbing to that child, and that the other subject child had not had contact with the father for years and feared him. Thus, although "visitation 'need not always include contact visitation at the prison' " (Rulinsky, 107 AD3d at 1509), we conclude that " 'a sound and substantial basis exist[s] in the record for the court's determination that the visitation requested by [the father] would not be in the . . . child[ren's] best interest[s] under the present circumstances' " (Matter of Bloom v Mancuso, 175 AD3d 924, 926 [4th Dept 2019], lv denied 34 NY3d 905 [2019]; see Matter of Newman v Doolittle, 151 AD3d 1233, 1235 [3d Dept 2017]; Matter of Kari CC. v Martin DD., 148 AD3d 1246, 1248 [3d Dept 2017]).
The father failed to preserve for our review his further contention that the court's determination to suspend his communication with the children's service providers is based solely upon inadmissible hearsay (see Matter of Nicole J.R. v Jason M.R., 81 AD3d 1450, 1452 [4th Dept 2011], lv denied 17 NY3d 701 [2011]) and, in any event, we conclude that there is a sound and substantial basis in the record to support that determination (see generally Matter of Andrea C. v David B., 146 AD3d 1104, 1107 [3d Dept 2017]).
The father also contends that reversal is required because the court did not advise him of his rights pursuant to Family Court Act
§ 262 (a) at the outset of the hearing. Here, the record reflects that the father already had assigned counsel by the time of the hearing and that the court, upon counsel's request, allowed the father, who appeared via telephone from his correctional facility, to confer privately with his counsel via telephone prior to proceeding with the hearing, at which his counsel appeared in person. Under such circumstances, we conclude that "there was no violation of the right to counsel or Family [Court] Act § 262" (Matter of Holly J. v Frederick X., 95 AD3d 1595, 1597 [3d Dept 2012]; see Matter of Delafrange v Delafrange, 24 AD3d 1044, 1045-1046 [3d Dept 2005], lv denied 8 NY3d 809 [2007]). The father's related contention that the court should have granted an adjournment to provide him additional time to confer with counsel is not preserved for our review inasmuch as the father never requested an adjournment (see generally Matter of Madalynn W. [Shawn W.], 185 AD3d 1458, 1459-1460 [4th Dept 2020]; Matter of Jaydalee P. [Codilee R.], 156 AD3d 1477, 1477 [4th Dept 2017], lv denied 31 NY3d 904 [2018]). Finally, to the extent that the father contends that he was denied effective assistance of counsel, we conclude that his contention lacks merit (see Matter of Ballard v Piston, 178 AD3d 1397, 1398-1399 [4th Dept 2019], lv denied 35 NY3d 907 [2020]; Matter of Sullivan v Sullivan, 90 AD3d 1172, 1175 [3d Dept 2011]).
Entered: February 5, 2021
Mark W. Bennett
Clerk of the Court