Matter of Fowler v Jones (2024 NY Slip Op 01412)

Matter of Fowler v Jones

2024 NY Slip Op 01412

Decided on March 15, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., MONTOUR, OGDEN, DELCONTE, AND KEANE, JJ.

118 CAF 22-01989

[*1]IN THE MATTER OF COURTNEY FOWLER, PETITIONER-RESPONDENT,
v
LANNY JONES, RESPONDENT-APPELLANT. 

LAW OFFICE OF VERONICA REED, SCHENECTADY (VERONICA REED OF COUNSEL), FOR RESPONDENT-APPELLANT.
CAMBARERI & BRENNECK, SYRACUSE (KENNETH H. TYLER, JR., OF COUNSEL), FOR PETITIONER-RESPONDENT.
SUSAN E. GRAY, CANANDAIGUA, ATTORNEY FOR THE CHILDREN. 

 Appeal from an order of the Family Court, Ontario County (Kristina Karle, J.), entered October 4, 2022, in a proceeding pursuant to Family Court Act article 6. The order, inter alia, awarded petitioner sole custody of the subject children and suspended respondent's visitation with the children. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 6, respondent father appeals from an order that, inter alia, awarded petitioner mother sole custody of the parties' two children and suspended the father's visitation with the children.
The presumption that visitation with a noncustodial parent is in the best interests of a child, even when the parent seeking visitation is incarcerated, may be rebutted "through demonstration by a preponderance of the evidence" (Matter of Granger v Misercola, 21 NY3d 86, 92 [2013] [emphasis omitted]; see Matter of Grayson v Lopez, 178 AD3d 1427, 1428 [4th Dept 2019]). "[T]he propriety of visitation is generally left to the sound discretion of Family Court[,] whose findings are accorded deference by this Court and will remain undisturbed unless lacking a sound basis in the record" (Matter of Mountzouros v Mountzouros, 191 AD3d 1388, 1389 [4th Dept 2021], lv denied 37 NY3d 902 [2021]).
We reject the father's contention that Family Court's determination, that suspension of the father's visitation with the subject children while he is incarcerated was in the children's best interests, lacks a sound and substantial basis in the record.
A parent's failure to exercise visitation for a prolonged period of time is a relevant factor when determining whether visitation is warranted (see Matter of Brown v Terwilliger, 108 AD3d 1047, 1048 [4th Dept 2013], lv denied 22 NY3d 858 [2013]) and here the record establishes that the father made no meaningful effort to nurture a relationship with the children: he failed to exercise visitation, when he was allowed to do so, and did not take the opportunity to write letters or cards to the children during these proceedings. The court also properly took into consideration that the father was convicted of, inter alia, criminal contempt in the first degree (Penal Law
§ 215.51) for violating an order of protection issued in favor of the mother and the children, further demonstrating "no remorse or understanding that his actions were harmful to the children" (Grayson, 178 AD3d at 1428).
We conclude that there is no basis to disturb the court's determination suspending the father's visitation with the children.
Entered: March 15, 2024
Ann Dillon Flynn
Clerk of the Court