Matter of Jones v Serna
2026 NY Slip Op 04089
June 26, 2026
Appellate Division, Fourth Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

IN THE MATTER OF DWIGHT JONES, PETITIONER-APPELLANT,
v
TONYA SERNA, RESPONDENT-RESPONDENT.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department
Decided on June 26, 2026
416 CAF 24-01923
Present: Lindley, J.P., Curran, Ogden, Nowak, And Delconte, JJ.

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (KRISTEN N. MCDERMOTT OF COUNSEL), FOR PETITIONER-APPELLANT.
THOMAS L. PELYCH, HORNELL, FOR RESPONDENT-RESPONDENT.
SUSAN B. MARRIS, MANLIUS, ATTORNEY FOR THE CHILDREN.

Appeal from an order of the Family Court, Onondaga County (Salvatore Pavone, R.), entered October 2, 2024, in a proceeding pursuant to Family Court Act article 6. The order, inter alia, awarded respondent sole legal and sole physical custody with respect to the subject children and suspended petitioner's parenting time and other access to the children.
[*1]
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this Family Court Act article 6 proceeding, petitioner father appeals, as limited by his brief, from an order insofar as it suspended his parenting time and other access to the parties' younger child. We affirm.
Initially, we note that the parties do not dispute that there has been a sufficient change in circumstances to warrant an inquiry into whether modification of the parties' existing custody and visitation arrangement would be in the child's best interests (see Matter of Cronin v Cronin, 243 AD3d 1317, 1317 [4th Dept 2025]; Matter of Wilson v Cheves, 240 AD3d 1433, 1433-1434 [4th Dept 2025]). Here, the father, inter alia, filed a petition seeking modification of the parties' custody and visitation arrangement, pursuant to which the mother has sole legal and physical custody of the child, with supervised parenting time to the father, and respondent mother moved by order to show cause for an order suspending the father's parenting time.
Although visitation with a noncustodial parent is presumed to be in the best interests of the child (see Matter of Granger v Misercola, 21 NY3d 86, 90 [2013]; Matter of Fowler v Jones, 225 AD3d 1162, 1162 [4th Dept 2024], lv denied 42 NY3d 903 [2024]; Guy v Guy, 147 AD3d 1305, 1306 [4th Dept 2017]), "the presumption may be rebutted when it is shown, 'by a preponderance of the evidence, that visitation would be harmful to the child' " (Matter of Fewell v Ratzel, 121 AD3d 1542, 1542 [4th Dept 2014], quoting Granger, 21 NY3d at 92; see Matter of Brown v Ruperto, 243 AD3d 1371, 1371 [4th Dept 2025], lv denied 45 NY3d 904 [2026]; Fowler, 225 AD3d at 1162). "[T]he propriety of visitation is generally left to the sound discretion of Family Court[,] whose findings are accorded deference by this Court and will remain undisturbed unless lacking a sound basis in the record" (Matter of Brown v Terwilliger, 108 AD3d 1047, 1048 [4th Dept 2013], lv denied 22 NY3d 858 [2013] [internal quotation marks omitted]; see Fowler, 225 AD3d at 1162).
Here, contrary to the father's contention, the court's determination that visitation and other access to the child would not be in the child's best interests has a sound and substantial basis in the record (see Matter of Grayson v Lopez, 178 AD3d 1427, 1428 [4th Dept 2019]; Matter of Bloom v Mancuso, 175 AD3d 924, 926 [4th Dept 2019], lv denied 34 NY3d 905 [*2][2019]). A parent's failure to exercise visitation for a prolonged period of time is a relevant factor when determining whether visitation is warranted (see Brown, 108 AD3d at 1048), and here the evidence at the hearing established that the father did not make a meaningful effort to nurture a relationship with the child (see Fowler, 225 AD3d at 1162-1163). Specifically, we note that the record shows that the father did not exercise any visitation with the child for approximately five years between 2018 and 2023. There was also testimony that, since 2018, the child never received a single gift from the father for holidays or her birthday. Although, in 2023, the father made some efforts to reconnect with the child, including participating in some supervised visitation, there was nevertheless a sound and substantial basis in the record to show that those efforts were insincere. For one thing, the record shows that the father engaged the child in inappropriate conversations during the visits that occurred during that time, informing her that the state profited from his child support and was the reason she did not get to see him. Moreover, the evidence in the record established that the father ceased visits in October 2023, and had not seen the child in person since. The father asserted that he ceased visits at that time because he could not afford to pay for supervision; however, we note that he did not supply any evidence, besides his own bare assertions, to substantiate his claim that he could not afford to participate in any supervised visitation.
Also supporting the court's determination that it is in the best interests of the child to suspend the father's visitation and access is evidence establishing that the father did not comply with certain court directives (see Matter of Morrissey v Morrissey, 124 AD3d 1367, 1367 [4th Dept 2015], lv denied 25 NY3d 902 [2015]). In particular, the father did not comply with the court's directive that he download a specific application to facilitate communication between himself and the mother. According to the father, he did not think there was any point in downloading the communication application when he did not plan to participate in supervised visits. We also reject the father's contention that the court should not have suspended his visitation and access to the child inasmuch as the mother did not foster or encourage the child's relationship with the father (cf. Matter of Saunders v Stull, 133 AD3d 1383, 1384 [4th Dept 2015]). Although there were some prior instances where the mother cut short or missed the child's visits with the father, there was evidence at the hearing establishing that she nevertheless encouraged the child to attend visitation, and reminded her, when she would send text messages to the mother during those visits, that it was the father's time to visit with her.
Finally, the father contends that the court erred in disclosing information that the child shared during the Lincoln hearing. Even assuming, arguendo, that the court did improperly share such information (see Matter of Faes v Coulson, 247 AD3d 1524, 1525 [4th Dept 2026]; Kaleta v Kaleta, 225 AD3d 1293, 1295 [4th Dept 2024]; Matter of Carter v Work, 100 AD3d 1557, 1558 [4th Dept 2012]), we conclude that any such error does not justify disturbing the court's determination here (see Faes, 247 AD3d at 1525; Carter, 100 AD3d at 1558; see also Matter of John M. v Tashina N., 218 AD3d 935, 938-939 [3d Dept 2023]).
Entered: June 26, 2026
Ann Dillon Flynn
Clerk of the Court